No. 19,071.

RALPH MILTON OLINGER *v*. PEOPLE OF THE STATE
OF COLORADO.

(344 P. [2d] 689)

Decided October 5, 1959.

Messrs. JENKINS, STEWART & PIERCE, for plaintiff in
error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK
E. HICKEY, Deputy, Mr. GERALD HARRISON, Assistant,
for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as defendant, is before this court on writ of error directed to a judgment of the district court of Otero county. The trial court adjudged him guilty of failure and refusal to perform the conditions required by the Land Use Ordinances as adopted by the Timpas Soil Conservation District "in violation of the said Land Use Ordinances, contrary to the form of the statute in such case made and provided * * *."

Defendant entered a plea of not guilty to the charge contained in the information against him.

All facts were stipulated, and the issues of law were submitted to the trial court without presentation of any evidence. The following facts were agreed upon:

That defendant failed and refused to perform the conditions required by the Land Use Ordinances of the Timpas Soil Conservation District and that he did break out sod and farm land contained in said Soil Conservation District in violation of the Ordinance;

That defendant refused to abide by the Ordinance on the ground that the Timpas Soil Conservation District was not properly formed under the statutes of the State of Colorado and that, had it been so, the Land Use Ordinance was not legally adopted.

That at the referendum election called to create the District a total of 47 votes were cast: That at the time of this election there were over 300 registered landowners within the proposed district.

It was further stipulated that at the subsequent meeting held for the purpose of adopting Land Use Ordinances only 15 landowners were present in person and 48 represented by proxy.

The foregoing stipulation of facts was approved by the trial court and Conservation Ordinance Number 1 of

the said conservation district was received in evidence. After hearing argument of counsel the trial court adjudged the defendant guilty and assessed a fine of $100.00 against him.

Defendant assigns error upon three grounds, only one of which it is necessary for us to consider, to-wit: That the Soil Conservation Act upon which the information is based cannot be upheld because of an unconstitutional delegation of legislative powers to qualified voters within the district, who attend the meeting called for the purpose of considering the adoption of "land use ordinances."

Generally, the Soil Conservation Act prescribes procedures for the creation of a district, and the creation of a governing body thereof to consist of five supervisors, and defines the powers and duties of the district.

C.R.S. '53, 128-1-9, provides in pertinent part:

"(1) If, in the judgment of the supervisors or the qualified voters of a district, land use ordinances are necessary for the best interest of the district and the people therein, the same may be adopted at any regular or regularly called special meeting.

"(a) The board of supervisors shall prepare the land use ordinances and submit them to the state board for a determination of their legality;

"(b) Not more than thirty days nor less than twenty days prior to the regular meeting or regularly called special meeting of the district, copies of the proposed land use ordinances shall be mailed to each qualified voter, in the district together with a statement setting forth the reason why such land use ordinances are necessary for the care, treatment and operation of lands within the district;

"(c) Not more than thirty days nor less than ten days prior to the regular meeting or regularly called special meeting, a copy of the proposed land use ordinances shall be printed in a newspaper of current circulation within

the district and posted in various prominent places throughout the district;

"(d) At such meeting to vote on the adoption of land use ordinances only qualified voters may vote by secret ballot. A favorable vote of seventy-five per cent of those qualified voters, voting in person or by proxy, shall be required to adopt said land use ordinances; * * * "

C.R.S. '53, 128-1-14, provides, inter alia:

"Any owner of lands within the district or his agent or tenant, except the United States, the state of Colorado, or any governmental agency who shall fail or refuse to perform all of the conditions required by the land use ordinances as adopted by such district as provided in subsection (1) of section 128-1-9, or who shall in any way violate any of the provisions of this article, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not more than one hundred dollars."

Question to be Determined.

*Is a statute authorizing organization of soil conservation districts which delegates to the qualified voters of such district the authority to adopt regulatory ordinances, for violation of which a penalty may be imposed, invalid as an unconstitutional delegation of legislative authority?*

The question is answered in the affirmative. Under the purported authority of the statutes above quoted, a mere handful of citizens and voters are authorized to hold a meeting and decide that a person who owns land commits a crime, punishable under state law, if he breaks sod thereon and prepares the soil for planting. Assuming that the power to so legislate exists (a point which we do not decide) it could not be delegated by the legislature.

In *Hazlet, et al. v. Gaunt, et al.,* 126 Colo. 385, 250 P. (2d) 188, this court approved the rule announced in

*Sapero v. State Board of Medical Examiners,* 90 Colo. 568, 11 P. (2d) 555, where we find the following:

"The general assembly may not delegate the power to make a law; but it may delegate power to determine some fact or a state of things upon which the law, as prescribed, depends. * * * "

In *Prouty, et al. v. Heron,* 127 Colo. 168, 255 P. (2d) 755, this court considered the question involved in the instant case. In that opinion we find the following pertinent statement of the applicable rule taken from *Field v. Clark,* 143 U. S. 649, 12 Sup. Ct. 495, 36 L. Ed. 294:

"The true distinction [between a proper and unauthorized delegation of power by the legislature] is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law. The first cannot be done; to the latter no valid objection can be made."

In the case of *People v. Lange,* 48 Colo. 428, 110 Pac. 68, it was held that the general assembly cannot delegate to any other person or body authority to declare what acts shall constitute a crime. In that case the court said, inter alia:

"The people have confided to the general assembly the power of declaring what acts or omissions shall constitute a crime, but they have not confided to the general assembly the authority to transfer this power to any other person or body."

The above decisions of this court are controlling and the judgment is reversed and cause remanded with directions to dismiss the action.