No. 22944.

WILLIAM HENRY COKLEY, ALIAS JAMES LEO WILLIAMS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(450 P.2d 1013)

Decided February 24, 1969.

LEONARD P. PLANK, JOHN A. KINTZELE, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, ROBERT L. HOECKER, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE LEE.

PLAINTIFF in error was defendant below and will be referred to as "defendant" herein.

Defendant was convicted of using or carrying a concealed firearm upon his person in violation of 1965 Perm. Supp., C.R.S. 1963, 40-11-10. His post-trial motions were denied and after pre-sentence investigation defendant was sentenced to the State Penitentiary for a term of not less than five nor more than ten years, to be served concurrently with another sentence theretofore imposed in *Cokley v. People,* 168 Colo. 52, 449 P.2d 824.

Defendant contends the trial court committed prejudicial error in several respects. The main thrust of defendant's arguments relate to the applicability of the concealed weapons statute to the weapon carried by the defendant on the occasion in question. The weapon was a shotgun.

The evidence was undisputed that defendant had previously been convicted of grand larceny within ten years immediately prior to December 17, 1965, the date of the commission of the alleged offense in the instant case.

The decisive question in this case is whether the defendant who, having been convicted of the felony of grand larceny within the immediately preceding ten years, committed a crime within the meaning of the statute, 1965 Perm. Supp., C.R.S. 1963, 40-11-10.

In 1963 the legislature enacted as an addition to the general laws concerning "Offenses Relating To Firearms" the following:

\* \* \*

"(1) Any person previously convicted of murder, voluntary manslaughter, assault to commit murder, assault with a deadly weapon, or robbery, burglary, rape, mayhem, arson, larceny, or, of possession of narcotics, within the immediately preceding ten years, *who shall use or carry concealed upon his person any firearms, as defined*

*by. law,* or any pistol, revolver, bowie knife, dagger, sling shot, brass knuckles, *or other deadly weapon* shall be guilty of a felony, * * *." C.R.S. 1963, 40-11-10. (Emphasis added.)
In 1965 the section was amended to read as follows:
* * *

"(1) Any person previously convicted of murder, voluntary manslaughter, assault to commit murder, assault with a deadly weapon, kidnapping, or robbery, burglary, rape, mayhem, arson, *grand larceny,* or, of possession of narcotics, under the laws of the United States, the state of Colorado, or any other state, government, or country, within the immediately preceding ten years, *who shall use or carry concealed upon his person any firearms, as defined by law,* or any pistol, revolver, bowie knife, dagger, or metal knuckles shall be guilty of a felony, * * *." 1965 Perm. Supp., C.R.S. 1963, 40-11-10. (Emphasis added.)

 It is significant that the legislature in its 1965 re-enactment of this section omitted the phrase "or other deadly weapon." That the shotgun in the instant case is a deadly weapon is not open to serious question. However, a shotgun is not one of the weapons specifically enumerated in the amended statute. We must, therefore, determine whether a shotgun is a "firearm, as defined by law" within the meaning of the statute. It is well to observe here the rule of construction that requires criminal statutes to be construed strictly and in favor of those against whom such statutes are sought to be enforced. *Calkins v. Albi,* 163 Colo. 370, 431 P.2d 17; *O'Brien v. People,* 118 Colo. 58, 192 P.2d 428; *O'Day v. People,* 114 Colo. 373, 166 P.2d 789; *Polly v. People,* 107 Colo. 6, 108 P.2d 220; *Failing v. People,* 105 Colo. 399, 98 P.2d 865; *People v. Mooney,* 87 Colo. 567, 290 P.271.

▪ We believe the phrase "as defined by law" as used in this statute, which creates a new criminal offense, means "as defined by statutory law" rather than "by case law" or judicial interpretation. In our search

for the meaning of the phrase "as defined by law," only one case has been found which dealt with this matter. In *Northwestern Improvement Co. v. McNeil,* 100 Wash. 22, 170 P.338, the court stated:

* * *

"The term 'defined by law' needs no definition or construction. Its meaning is evident; it is not inclusive of power but exclusive of all power, *unless defined by statute."* (Emphasis added.)

■ More persuasive, however, is the constitutional requirement of due process — that criminal statutes must be definite, certain and sufficiently explicit in their meaning that the conduct proscribed may be readily understood by persons of ordinary intelligence. *Memorial Trusts, Inc. v. Beery,* 144 Colo. 448, 356 P.2d 884. This court stated in *Dominguez v. City and County of Denver,* 147 Colo. 233, 363 P.2d 661:

* * *

"But indefiniteness which leaves to officer, court or jury the determination of standards in a case-by-case process invalidates legislation as being violative of due process, as contravening the mandate that an accused be advised of the nature and cause of the accusation, and as con-stituting an unlawful delegation of legislative power to courts or enforcement agencies. United States v. L. Cohen Grocery Co., 255 U.S. 81, 41 S.Ct. 298, 65 L.Ed. 516. See People v. Lange, 48 Colo. 428, 110 P.68; Olinger v. People, 140 Colo. 397, 344 P.2d 689."

* * *

The mischief inherent in a judicial procedure which requires the trial court to formulate its own definition of one of the elements of a criminal charge is demonstrated in this case. Here, because of lack of a statutory guide, the court in an effort to supply the deficiency formulated a jury instruction based on a quotation from *Black's Law Dictionary.*

Holding as we do that the phrase "as defined by law" means "as defined by statute," we look to the statute,

Article 11 of Chapter 40, for the definition of firearms, but we find no definition. A further search of the statutes generally reveals only one definition of firearms, that found in C.R.S. 1963, 53-3-1, which regulates the sale of firearms:

\* \* \*

*"In this article,* the term 'firearms' means pistol, revolver or other weapon of any description, loaded or unloaded from which any shot, bullet, or other missile can be discharged, *and the length of the barrel of which, not including any revolving, detachable or magazine breech, does not exceed twelve inches."* (Emphasis added.)

This statute is limited by its terms to matters relating to the sale of firearms and is not applicable to the concealed weapons statute.

■■ We must conclude that in its re-enactment of the section in question the legislature intended to exclude from the operation of the statute all firearms not otherwise defined by law and all deadly weapons not specifically enumerated in the statute. To hold otherwise would be to judicially amend the statute, and as stated in *Pierce v. United States,* 314 U.S. 306, 62 S.Ct. 237, 86 L.Ed. 226, "[The] judicial enlargement of a criminal Act \* \* \* is at war with a fundamental concept of the common law that crimes must be defined with appropriate definiteness."

■ Accordingly, the use or carrying concealed by the defendant of the shotgun did not constitute a crime within the meaning of the statute.

In view of our holding, it is unnecessary to consider the other specifications of error.

The judgment is reversed and the cause remanded with direction to dismiss the information.

Mr. Chief Justice McWilliams, Mr. Justice Kelley and Mr. Justice Groves concur.