## No. 26017

## The People of the State of Colorado v. John E. Kanan
(526 P.2d 1339)

Decided September 30, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, Duncan W. Cameron, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE ERICKSON.

The defendant, John E. Kanan, was convicted of passing short checks, a felony under 1967 Perm. Supp., C.R.S. 1963, 40-14-20. He contends that his conviction should be reversed because the trial court did not properly instruct the jury. We agree and, therefore, reverse and remand for a new trial.

Kanan wrote three separate checks totaling seventy-five dollars to the ABC Liquor Store during the course of one week in February 1972. The manager of the store deposited the checks, which were returned with the notation that Kanan's account was closed for insufficient funds in January.

There is conflicting evidence as to whether Kanan had knowledge that his checking account was overdrawn. The bank sent Kanan's monthly bank statements to Kanan's address in October, November, December and January, and each statement showed that Kanan's account was overdrawn. The bank also mailed the notice of closure of the account to the same location. The evidence established that the December and January statements were returned to the bank and were not delivered to Kanan.

The jury found Kanan guilty, and he was sentenced

to the penitentiary. Defense counsel contends that the trial court committed error and deprived Kanan of the presumption of innocence when the following instruction was given: "You are instructed that a check drawn and delivered by a person carries with it a representation that such person knows the status of his account and that there are sufficient funds on deposit to pay the check upon its presentation for payment at the bank named as drawee on such check."

We agree. The presumption of innocence, coupled with proof of each element of the charge beyond a reasonable doubt, provides the foundation for our system of criminal justice. *People v. Hill,* 182 Colo. 253, 512 P.2d 257 (1973).

Under the provisions of the Short Check Statute, the prosecution must prove that the drawer of the check knew that there were insufficient funds in his account to pay the check. 1967 Perm. Supp., C.R.S. 1963, 40-14-20(6). The instruction dispensed with the prosecution's obligation to prove knowledge and reversed the burden of proof.

We will not permit the prosecution to utilize a presumption of guilt as a basis for obtaining a conviction in a bad check case. *People v. Vinnola,* 177 Colo. 405, 494 P.2d 826 (1972); *Moore v. People,* 124 Colo. 197, 235 P.2d 798 (1951). We stated in *Moore* that the law does not allow an intent to defraud to be presumed whenever a bank refuses to honor a check.

Bank operations, although efficient, are subject to ordinary mistakes which fallible employees make. To conclude that whenever a check was returned to the payee, the drawer must have known the state of his account, would be "a result [which] strikes at the very foundation of our system of criminal justice." *People v. Vinnola, supra.* The trial court committed reversible error by submitting an instruction which forced the defendant to meet and rebut a presumption that he had knowledge of the state of his account.

A second instruction, which the defense objected to, relates to the definition of "deceive," within the meaning of the Short Check Statute. The trial court defined "deceive"

as an element of the offense of delivering a short check in the following instruction:

" 'Deceive' means to use fraudulent misrepresentation or contrivance, made with knowledge of its falsity or with reckless and conscious ignorance thereof . . . ."

The Short Check Statute requires the prosecution to demonstrate that the defendant formed a specific intent to deceive in order to sustain a verdict of guilty. The instruction given by the court in this case eliminates the specific intent element by providing that the statute in issue may be violated if the defendant acts recklessly. To uphold this instruction would result in reducing the burden of proof which the statute imposes on the prosecution. When the legislature defines a crime and sets forth the intent necessary to commit the crime, the court cannot alter the elements or substitute a different animus or intent. *McClure v. People,* 27 Colo. 358, 61 P. 612 (1900). *See Colorado Jury Instructions (Criminal)* 5 (341).

The prosecution contends that even if the court improperly instructed the jury, the error was harmless. We disagree. Prejudice to the defendant is inevitable when the court instructs the jury in such a way as to reduce the prosecution's obligation to prove each element of its case beyond a reasonable doubt. *Gonzales v. People,* 166 Colo. 557, 445 P.2d 74 (1968).

Accordingly, we reverse and remand for a new trial.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.