No. 26873

**The People of the State of Colorado v. Roy O. Cornelison**

(559 P.2d 1102)

Decided January 10, 1977.                    Rehearing denied January 31, 1977.

Edward G. Donovan, Solicitor General, William L. Crosier, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE LEE.

Defendant Roy O. Cornelison appeals from his second-degree murder conviction. Finding prejudicial error, we reverse defendant's conviction and remand for a new trial.

Defendant was charged by information with first-degree murder. At trial, defendant admitted shooting the victim. He claimed self-defense and, further, raised the affirmative defense of intoxication. Section 18-1-804, C.R.S. 1973.

In its instructions, the district court defined specific intent and further instructed the jury that first-degree murder and the lesser included offenses of second-degree murder and criminally negligent homicide required specific intent by defendant. The court, however, refused defendant's tendered instructions on voluntary intoxication as an affirmative defense. The jury returned a guilty verdict on second-degree murder.

Defendant raises four grounds for reversal. We hold that the district court erred in refusing to instruct the jury on intoxication as one of defendant's theories of defense. We do not reach the other alleged errors.

I.

Defendant correctly contends that the district court erred in refusing to instruct the jury that evidence of defendant's voluntary intoxication at the time of the offense could be considered in determining whether he had the requisite specific intent to commit the crime of second-degree murder. It is not contested that there was sufficient evidence to justify such an instruction. *People v. Truesdale*, 190 Colo. 286, 546 P.2d 494. The People argue, however: (1) second-degree murder is not a specific intent crime; and (2) by statute, voluntary intoxication is no defense to second-degree murder. It is true that under the prior murder statute, C.R.S. 1963, 40-2-3, second-degree murder was not a specific intent crime, and voluntary intoxication was no defense to murder in the second degree. *Watkins v. People* 158 Colo. 485, 408 P.2d 425; *Brennan v. People*, 37 Colo. 256, 86 P. 79.

The legislature, however, redefined second-degree murder in the Colorado Criminal Code. Section 18-3-103(1), C.R.S. 1973,[1] provides:

"(1) A person commits the crime of murder in the second degree if:

"(a) He causes the death of a person intentionally, but without premeditation; or

"(b) With intent to cause serious bodily injury to a person other than himself, he causes the death of that person or of another person."

Section 18-1-501(5)[2] defines intentionally, as used in section 18-3-103(1)(a), thus:

"A person acts intentionally with respect to a result or to conduct described by a statute defining an offense, when his conscious object is to cause that result or to engage in that conduct or when his actions are such as to give rise to a substantial certainty that the results will be produced."

In our view, it is clear from the express language used, and we hold, that second-degree murder, under either subsection (1)(a) or (1)(b), is a specific intent crime. The court correctly instructed the jury on specific intent as to second-degree murder.

II.

The People recognize the principle that voluntary intoxication is an affirmative defense to specific intent crimes generally, *e.g.*, *People v. Scheidt*, 186 Colo. 142, 526 P.2d 300 (robbery); *People v. Gilmer*, 182 Colo. 96, 511 P.2d 494 (theft); *Dolan v. People*, 168 Colo. 19, 449 P.2d 828 (first-degree murder); *Claxton v. People*, 164 Colo. 283, 434 P.2d

---

[1] Now section 18-3-103(1); C.R.S. 1973 (1976 Supp.).
[2] Now section 18-1-501(5), C.R.S. 1973 (1976 Supp.).

407 (kidnapping, assault with intent to rape).

The People argue, however, that, even though second-degree murder may be a specific intent crime under the Criminal Code, nonetheless, voluntary intoxication is not an affirmative defense to second-degree murder. This is so, it is argued, because the second-degree murder statute, in section 18-3-103(2), provides: "Diminished responsibility due to lack of mental capacity is not a defense to murder in the second degree." The People contend that voluntary intoxication resulting in an incapacity to form a specific intent is in effect a lack of mental capacity — or diminished responsibility — and, therefore, the legislature has specifically abolished that defense as to second-degree murder.

In response, the defendant cites the statute concerning criminal responsibility, section 18-1-804(1), which provides in part, "* * * evidence of intoxication of the defendant may be offered by the defendant when it is relevant to negative the existence of a specific intent if such intent is an element of the crime charged." We further note that section 18-1-803, concerning impaired mental condition, provides:

"* * * Evidence of an impaired mental condition though not legal insanity may be offered in a proper case as bearing upon the capacity of the accused to form the specific intent if such an intent is an element of the offense charged."

Moreover, section 18-1-805 provides: "The issue of responsibility under sections 18-1-801 to 18-1-804 is an affirmative defense."

In applying these statutes, we invoke two principles of statutory construction. Statutes *in pari materia* should be reconciled if possible, *Colorado v. Beckman*, 149 Colo. 54, 368 P.2d 793, and criminal statutes must be strictly construed in favor of the accused, *Cokley v. People*, 168 Colo. 280, 450 P.2d 1013.

We are faced with the dilemma created by the apparently irreconcilable provisions of the statute which, on the one hand, grant affirmative defenses of voluntary intoxication and impaired mental capacity for the purpose of negating specific intent, and, on the other hand, the provision of the second-degree murder statute which denies the affirmative defense of "diminished responsibility due to lack of mental capacity."

We construe section 18-3-103(2) to mean that diminished responsibility due to lack of mental capacity is not a defense, unless it precludes a defendant from entertaining the requisite specific intent to commit the crime of second-degree murder. The absence of specific intent, like the absence of any other element of the crime, mandates an acquittal. And under section 18-1-804(1) a defendant's voluntary intoxication may be evidence of his inability to entertain the specific intent required for conviction of second-degree murder.

To hold otherwise would effectively relieve the People of the burden of proving every essential element of the charge beyond a reasonable

doubt. As the Supreme Court of Pennsylvania observed in *Commonwealth v. Graves*, 461 Pa. 118, 334 A.2d 661:

"It would clearly be an anomaly to suggest that although the Commonwealth must establish the existence of a mental state beyond a reasonable doubt, and that failure to sustain that burden requires an acquittal; yet preclude the defendant from producing relevant evidence to contest the issue."

More than an anomaly, such a holding would deprive defendant of his right, secured by the due process clause, to require proof beyond a reasonable doubt of every element of the crime charged. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368. *See People v. Kanan*, 186 Colo. 255, 526 P.2d 1339.

We therefore hold that the district court committed reversible error in refusing to instruct the jury on defendant's affirmative defense of voluntary intoxication as allowed by section 18-1-804, C.R.S. 1973. *United States v. Swallow*, 511 F.2d 514 (10th Cir. 1975); *People v. Meller*, 185 Colo. 389, 524 P.2d 1366.

The judgment is reversed and the cause remanded for a new trial.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.