## No. 79SA95

## The People of the State of Colorado v. Dennis Lee White

(606 P.2d 847)

Decided January 7, 1980. Rehearing denied March 10, 1980.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Edward G. Donovan, Solicitor General, Kathleen M. Bowers, Assistant Attorney General, David K. Rees, Assistant, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Craig L. Truman, Chief Deputy, Nicholas R. Massaro, Jr., Deputy, for defendant-appellant.

*En Banc.*

JUSTICE ROVIRA delivered the opinion of the Court.

Dennis Lee White (defendant) was charged in the Arapahoe County District Court with the crime of first-degree murder.[1] Trial was held to a jury, which was instructed on the offense of first-degree murder as well as on the lesser offenses of second-degree murder,[2] manslaughter,[3] and criminally negligent homicide.[4] The jury was also instructed that it could consider the affirmative defense of voluntary intoxication only as to the first-degree murder charge. A verdict was returned, finding the defendant guilty of second-degree murder. We affirm.

In this appeal,[5] the defendant raises three issues: (1) whether the second-degree murder statute is constitutionally distinguishable from the manslaughter statute within the rule of *People v. Calvaresi,* 188 Colo. 277, 281, 534 P.2d 316, 318 (1975); (2) whether the trial court's instruction limiting the affirmative defense of voluntary intoxication to the charge of first-degree murder was inconsistent with the due process requirements of *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *People v. Kanan,* 186 Colo. 255, 526 P.2d 1339 (1974); and (3) whether the trial court erred in admitting into evidence three photographs of the homicide victim.

We recently decided the first two of these three issues adversely to the position taken by the defendant. *People v. DelGuidice,* 199 Colo. 41, 606 P.2d 840 (1979). In this opinion, therefore, we address only the third issue, relating to the photographs of the murder victim.

The photographs depicted the victim's head and face and were taken at the time of an autopsy performed on the victim. The photographs were admitted at trial over the objection of the defendant, who contends that they were wholly without probative value and served only to inflame the passions and prejudices of the jury. We do not agree.

---

[1] Section 18-3-102(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).
[2] Section 18-3-103(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).
[3] Section 18-3-104(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).
[4] Section 18-3-105(1)(a), C.R.S. 1973 (1978 Repl. Vol. 8).
[5] The defendant originally appealed his conviction to the Colorado Court of Appeals. That court referred the appeal to us, pursuant to section 13-4-110(1)(a), C.R.S. 1973. We granted a transfer of the appeal on February 26, 1979. See section 13-4-102(1)(b), C.R.S. 1973.

 The admissibility of photographs into evidence in a homicide prosecution is a matter within the discretion of the trial judge, who must weigh their probative value against their potential inflammatory effect on the jury. *People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978); *People v. McCrary,* 190 Colo. 538, 549 P.2d 1320 (1976); *People v. Pearson,* 190 Colo. 313, 546 P.2d 1259 (1976). Such photographs have probative value when they are offered to show "matters which are competent for a witness to describe in words"; *e.g.,* in this case, the appearance of the victim, the location and nature of his wounds, or his identity. The photographs are not inadmissible solely because the defendant has stipulated to these matters, or because these matters have been established through the testimony of prosecution witnesses. *Sepeda, supra.* When the photographs are determined to have probative value, the trial judge's task is to determine whether their potential inflammatory effect "far outweighs" that value. *Sepeda, supra; McCrary, supra; Pearson, supra.* The trial judge's determination will not be disturbed on review absent an abuse of discretion. *People v. Steele,* 193 Colo. 87, 563 P.2d 6 (1977). The record in the case before us supports the conclusion that the trial judge applied the proper balancing test, and we find no abuse of discretion on his part.

Judgment affirmed.

JUSTICE ERICKSON, JUSTICE DUBOFSKY and JUSTICE LOHR concur in part and dissent in part.

JUSTICE ERICKSON concurring in part and dissenting in part:

I respectfully concur in part and dissent in part.

I would reverse for the reasons set forth in my dissent to the majority opinion in *People v. DelGuidice,* 199 Colo. 41, 606 P.2d 840 (1979). The majority opinion, in my view, is correct in its analysis of the issues raised to the admissibility of photographs of the deceased victim.

JUSTICE DUBOFSKY and JUSTICE LOHR join me in this concurrence and dissent.