The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Dan Alfonso HARRIS, Jr.,
Defendant-Appellant.

No. 77–611.

Colorado Court of Appeals,
Div. III.

June 18, 1981.

Rehearing Denied July 16, 1981.

Robert L. Russel, Dist. Atty., David H. Zook, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

BERMAN, Judge.

Defendant appeals his jury-trial conviction of second degree murder. We affirm.

Defendant was convicted on May 13, 1977, under § 18–3–103(1)(b), C.R.S. 1973. This subsection of the statute was repealed effective July 1, 1977. Colo.Sess.Laws 1977 § 67 at 971. Although defendant does not challenge his conviction on the basis of such repeal, it is useful to note at the outset that "[t]he repeal ... of any ... part of a section of any statute shall not have the effect to release ... any penalty ..., either civil or criminal, which shall have been

incurred under such statute, unless the repealing ... act so expressly provides ...." Section 2–4–303, C.R.S. 1973 (1980 Repl.Vol. 1B). Here, the repealer did not "so expressly provide." Consequently, the repeal of subsection (1)(b) did not affect the validity of defendant's conviction.

Evidence adduced at trial shows that on the evening of December 28, 1976, while in defendant's exclusive care in their Colorado Springs home, defendant's fourteen-month-old son suffered head injuries which culminated in his death a few hours later. As a result, defendant was charged with second degree murder. At trial, defendant contended that the injuries occurred accidentally while he was playing with the child. The case was submitted to the jury upon instructions as to second degree murder, and also as to the lesser included offenses of manslaughter and criminally negligent homicide. The jury found defendant guilty of second degree murder.

## I.

On appeal, defendant contends first that the trial court abused its discretion by admitting into evidence photographs of the deceased boy's autopsy. He argues that the trial court failed to balance the prejudicial effect of the photographs against their probative value, and asserts that the inflammatory nature of the photographs far outweighed what probative value they may have had. In connection with the latter contention, defendant states that since he expressed his willingness to abide by the findings of the pathologist who performed the autopsy, there was no need for presentation of the photographs themselves. Paralleling these arguments, defendant asserts that the error in admitting the photographs was compounded by their presentation in the form of projected color slides. Defendant insists that such a form of presentation served only to exacerbate the photographs' prejudicial effect. We reject each of defendant's contentions.

Defendant premises his argument upon the authority of *Archina v. People,* 135 Colo. 8, 307 P.2d 1083 (1957), and *People v.*

*Ellis,* 41 Colo.App. 271, 589 P.2d 494 (1978). Those cases, however, are inapposite.

In *Archina,* there was plentiful *eyewitness* testimony that the decedents in that case died instantly as a result of gunshot wounds inflicted by the accused. Thus, there was no material issue as to the sort of injury which caused death; nor was there any question as to how such injury was incurred. Under such circumstances, our Supreme Court concluded that "[t]he pictures of the naked bod[ies] on the marble slab have no probative value in establishing any issue in the case."

*Ellis* bears greater factual similarity to the case at bar than does *Archina.* Among other things, *Ellis* involved the question whether the subdural hematomas which caused decedent's death there "could have been induced by an accidental fall...." In the overall setting of that case, however, this Court failed "to see how [the autopsy] photographs shed enough light on the question of accident to counteract the passion and prejudice which they must have generated."

In contrast with the situations which obtained in *Archina* and *Ellis,* each of the photographs challenged in the case at bar is probative with respect to the trial's pivotal and most hotly contested issue, *i. e.,* whether, in causing his child's injuries, defendant acted (1) innocently, (2) negligently, (3) recklessly, or (4) with the intent to cause serious bodily injury. The only person to witness what transpired was defendant himself, and he gave vague and self-contradictory accounts of the occurrence. Thus, the most direct, if not indeed the only method by which to confirm or refute defendant's descriptions of the events in question was through detailed analysis of the physical nature of the injuries which precipitated the death of defendant's child. Therefore, the issue becomes whether the photographs in question were sufficiently helpful, in presenting that analysis to the jury, to overcome any tendency they may have had to prejudice defendant's cause. *People v. White,* Colo., 606 P.2d 847 (1980); *People v. Sepeda,* 196 Colo. 13, 581 P.2d 723 (1978).

Such a determination is, in the first instance, a matter within the trial court's sound discretion. *White, supra; Sepeda, supra.* That determination will not be disturbed on review absent abuse of such discretion. *White, supra.*

█ The five autopsy photographs whose admission is here challenged depict (1) the underside of the dead child's scalp, (2) aspects of the skull with the scalp removed, and (3) the head with the skullcap removed revealing the brain in place. Using these photographs, the pathologist was able to demonstrate the magnitude of the boy's injuries. When each photograph is viewed in conjunction with a reading of the directly associated testimony of the pathologist, the probative value of the photographs becomes evident, especially since there were no *external* markings on the boy's body of a sort to suggest the severity of the trauma suffered. Better than could be done by any explanatory words alone, the photographs independently support the pathologist's opinion that the injuries were the result of two or more massive cranial traumas caused by the boy's head moving and striking a "solid" flat object with "tremendous force." Hence, the photographs and associated testimony, taken together, serve to establish the prosecution's prima facie case for second degree murder, *i. e.,* causing another person's death through an act committed *"with intent to cause serious bodily injury."* Section 18–3–103(1)(b), C.R.S.1973 (emphasis added).

Assuming arguendo that the autopsy photographs had some tendency to inflame the minds of the jurors, we nevertheless perceive no abuse of discretion in the admission of the photos in this case. *White, supra; Sepeda, supra; see also Martinez v. People,* 124 Colo. 170, 235 P.2d 810 (1951).[1]

█ Moreover, in exercising its discretion, the trial court need not employ any ritualistic recitation that probativeness outweighs prejudice. Where, as here, the objecting party expressly raises the question of prejudice and the trial court nevertheless admits the evidence, it cannot reasonably be assumed that the court neglected to weigh that factor. Under such circumstances, rather, the decision to admit the evidence speaks for itself concerning the court's discretionary conclusion as to probativeness-versus-prejudice. *See generally Fresquez v. People,* 178 Colo. 220, 497 P.2d 1246 (1972).

Nor did defendant suffer any prejudice by the trial court's failure to state expressly that the photographs' prejudicial effect did not "far" outweigh, *Sepeda, supra,* their probative value. This is so because, as is generally true of documentary evidence, the prejudicial value of photographic evidence is equally susceptible to evaluation by an appellate court as it is by a trial court. Since we do not perceive the prejudicial effect of the photographs in question to outweigh by far their probative value, we find no reversible error either in their admission or in the trial court's failure to use a particular set of words in explaining its ruling admitting them.

█ The photographs were not rendered inadmissible by defendant's offer to accept the pathologist's testimony. *White, supra; Sepeda, supra.* Nor was it error to permit their presentation in the form of projected color slides. *Armijo v. People,* 134 Colo. 344, 304 P.2d 633 (1956); *People v. Boulies,* 545 P.2d 1050 (Colo.App.1975) (not selected for official publication).

## II.

Defendant next argues that there was insufficient admissible evidence to sustain a

1. Colorado Rules of Evidence 403, not applicable to defendant's trial, provides in pertinent part:

"Although relevant, evidence *may* be excluded if its probative value is *substantially* outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." (emphasis added)

The rule's use of the word "may" suggests that the decision to exclude evidence on the basis of the enumerated considerations still resides within the trial court's sound discretion. Even under the rule, therefore, the photographs would have been admissible, for we do not perceive that any of the listed factors so *substantially* outweighed the photographs' probative value as to render their admission an abuse of discretion.

second degree murder conviction under the statute applicable to this case. More particularly, defendant contends that the evidence was insufficient to support a finding that defendant acted with the intent to cause serious bodily injury. We disagree.

We note that defendant failed to raise this issue in his motion for a new trial. The rule is that, absent plain error, such a failure bars consideration of the issue on appeal. Crim.P. 33(a); Crim.P. 52(b). The threshold question, therefore, is whether by his argument defendant has alleged plain error.

■ Due process of law as guaranteed by the United States Constitution protects an accused against conviction " 'except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.' " *People v. Hardin*, Colo., 607 P.2d 1291 (1980), *quoting In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). We therefore hold that to allege insufficiency of evidence as to an indispensable element of a crime is to assert plain error. Accordingly, we reach the merits of defendant's argument. Crim.P. 52(b).

■ Our reading of the record as a whole, with particular reference to the nature of the dead child's injuries, see part I, *supra*, leads us to conclude that there was sufficient competent evidence from which the jurors could find that defendant acted with the intent to cause serious bodily injury. Thus, this Court may not disturb that finding. *People v. Gennings*, 196 Colo. 208, 583 P.2d 908 (1978); *People v. Rosenberg*, 194 Colo. 423, 572 P.2d 1211 (1978).

### III.

Defendant also contends that prosecutorial misconduct during the People's closing argument deprived him of a fair trial. ■ However, in only three of the twenty-one alleged instances of misconduct did defense counsel raise contemporaneous objection to the prosecutor's closing comments. In each instance, the objection was sustained. After sustaining the first objection, the trial court instructed the jurors to disregard the challenged comment. Upon sustaining the second objection, which concerned the prosecutor's interpretation of the testimony, the trial court reminded the jurors that *they* were the judges of what had been said by the witnesses. It must be presumed that the jurors obeyed these instructions. *See People v. Goff*, 187 Colo. 103, 530 P.2d 514 (1974); *People v. Anderson*, 184 Colo. 32, 518 P.2d 828 (1974). In sustaining the third objection, which concerned the prosecutor's apparent reading from a police report, the trial court admonished the prosecutor to refrain from such conduct. Hence, as to these instances of purported misconduct, we find no reversible error.

■ The eighteen instances of alleged prosecutorial misconduct to which no contemporaneous objection was raised may be considered on appeal only if they constitute plain error. *See* Crim.P. 52(b); *see generally People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972). We have examined the prosecution's closing argument as a whole and do not find the asserted misconduct to be pervasive enough nor repetitious enough to rise to the level this Court condemned in *People v. Trujillo*, Colo.App., 624 P.2d 924 (1980). Accordingly, such allegations are not proper subjects for appellate review.

### IV.

■ It is next argued that the trial court erred in admitting certain testimony. Defendant insists variously that the challenged evidence was unduly prejudicial, involved distracting collateral issues, and concerned events too remote in time to be of probative value.

The evidence in question concerned, *inter alia*, a temporary separation between defendant and his wife, defendant's suggestion that his wife's pregnancy be aborted, defendant's concern over whether he had fathered the child, defendant's supposed jealousy over the baby's having favored the mother over defendant, and statements that defendant refused to accept gifts in-

tended for the child. We have reviewed these items of evidence in context of the record as a whole. While we might agree that it would have been better to exclude *some* of such evidence, its admission was not sufficiently prejudicial to warrant retrial. *People v. Miller*, 187 Colo. 239, 529 P.2d 648 (1974); *Berger v. People*, 122 Colo. 367, 224 P.2d 228 (1950).

## V.

 Defendant also argues that the trial court erred in the manner in which it instructed the jury on lesser included offenses. However, defendant did not raise this issue in his motion for a new trial. Therefore, absent plain error, defendant's argument may not be considered on appeal. Crim.P. 33(a); Crim.P. 52(b); *Barker, supra.*

The instruction in question faithfully followed *Colo. J.I.—Crim.* 36:6. We perceive no plain error in the application of that uniform instruction to the case at bar. Consequently, defendant's argument may not be further considered on appeal. *Barker, supra.*

## VI.

Lastly, we find no merit to defendant's contention that the errors he alleges to have occurred here had the cumulative effect of denying him a fair trial.

Judgment affirmed.

KELLY and KIRSHBAUM, JJ., concur.