The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Francesco R. CAMPISI,
Defendant-Appellant.

No. 81SA151.

Supreme Court of Colorado,
En Banc.

July 26, 1982.
Rehearing Denied Aug. 30, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, James England, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant, Francesco R. Campisi, was convicted by an Adams County jury of second-degree murder. Section 18–3–103, C.R.S.1973 (1978 Repl.Vol. 8).[1] During trial, defense counsel sought to present evidence that the defendant's ability to form the required mental state for second-degree murder was impaired due to intoxication. The trial court denied the defendant's request to present this evidence to the jury on the basis that section 18–3–103(2), C.R.S. 1973 (1978 Repl.Vol. 8), clearly establishes that voluntary intoxication is not a defense to second-degree murder, and because the defense failed to show that this provision is unconstitutional. During the instruction phase of the trial, the court refused the defendant's tendered instruction concerning intoxication and subsequently instructed the jury that "diminished responsibility due to . . . self-induced intoxication is not a defense to murder in the second degree."

In this appeal, the defendant challenges the constitutionality of section 18–3–103(2), C.R.S.1973 (1978 Repl.Vol. 8), along with the court's instruction to the jury that voluntary intoxication is not a defense to the crime charged.

█ Defendant's argument that section 18–3–103(2), C.R.S.1973 (1978 Repl.Vol. 8) is violative of the Due Process Clause of both the United States and the Colorado Constitutions has been repeatedly rejected by this court. *See People v. Morgan*, Colo., 637 P.2d 338 (1981); *People v. White*, 199 Colo. 82, 606 P.2d 847 (1980); *People v. DelGuidice*, 199 Colo. 41, 606 P.2d 840 (1980). It is settled law in Colorado that section 18–3–103(2) is constitutional.

█ Defendant also argues that the trial court erred by instructing the jury that voluntary intoxication is not a defense to second-degree murder. Again, this conten-

tion assails previously established law in Colorado. *See People v. Morgan, supra; People v. DelGuidice, supra.* The defendant's argument here, accordingly, must fail.

Judgment affirmed.

---

1. Section 18–3–103, C.R.S.1973 (1978 Repl.Vol. 8), reads:

   *Murder in the second degree.* (1) A person commits the crime of murder in the second degree if:

   (a) He causes the death of a person knowingly, but not after deliberation.

   (2) Diminished responsibility due to lack of mental capacity or self-induced intoxication is not a defense to murder in the second degree.

   (3) Murder in the second degree is a class 2 felony.