**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jason MARTIN, a/k/a Zambezi Zakee, Defendant-Appellant.**

**No. 83CA1239.**

Colorado Court of Appeals, Div. I.

Feb. 28, 1985.

Rehearing Denied March 28, 1985.

Certiorari Granted Oct. 15, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia L. Nimerichter, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Pub. Defender, Claire Levy, Deputy State Pub. Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, Jason Martin, appeals from the judgment of conviction entered on jury verdicts finding him guilty of one count of possession of contraband and one count of second degree assault. We affirm.

I.

Defendant first asserts that the trial court improperly denied his motion to dismiss for failure to comply with the Uniform Mandatory Disposition of Detainers Act (the act). He contends that the superintendent of the Centennial Correction Facility failed to forward "forthwith" his request for final disposition of detainer to the trial court. We find no error in the trial court's ruling.

The information was filed on January 21, 1983, and the detainer was filed on January 25. On January 27 defendant delivered an executed request for final disposition of the detainer to the superintendent.

At a hearing held February 3, 1983, the public defender was appointed to represent defendant. Preliminary hearing was then scheduled for February 10. Following preliminary hearing the trial court granted defendant fifteen days to file motions, set a motions hearing for March 9, and set a trial date for May 2, 1983.

Defendant's request for final disposition of the detainer was received and filed in the trial court on March 4, 1983, 36 days after delivery to the superintendent and 59 days before the May 2 trial date. On March 7 the trial judge addressed a letter to counsel referring to the filing of the request.

Thereafter, on March 9, 1983, defendant filed, and the trial court granted, his motion for an extension of time for filing motions to April 7, 1983. The motions hearing was set for April 15. The trial date of May 2 was reaffirmed.

Defendant then filed on March 14 a motion for free transcript, and on April 5, 1983, he filed a motion for disclosure of informant. These motions were heard on April 15. The trial date of May 2, 1983, was again reaffirmed.

At no time during these pretrial proceedings did defendant raise, by oral or written motion, any issue regarding alleged defects under the act. And, defendant did not object to the trial setting.

On the morning of trial, following roll call of the jury panel, defendant moved orally to dismiss for failure of the superintendent to file the request with the trial court until 36 days after it was delivered.

The trial court refused to hear the motion because it was untimely filed. On the basis of the record, the trial court concluded that defendant had waived his right to assert any defect under the act. At the hearing on defendant's motion for new trial the trial court reaffirmed this ruling.

An individual who is in the custody of the department of corrections may request final disposition of any untried information pending against him in this state. Section 16–14–102, C.R.S. (1978 Repl.Vol. 8). Any request made under this statute shall be delivered to the superintendent of the facility where the prisoner is confined, who shall forthwith send, by registered mail, a copy of the request to the court having jurisdiction of the untried offense. Section 16–14–103(1), C.R.S. (1978 Repl.Vol. 8). Within 90 days after receipt of the request by the court, the defendant shall be brought to trial. Section 16–14–104, C.R.S. (1978 Repl.Vol. 8). Thus, the dispositive issue here is whether defendant waived his objection that his request was not transferred "forthwith" to the trial court.

All rights under the act are statutorily and not constitutionally based; thus, waiver of them must be voluntary but need not be knowing and intelligent. *See People v. Moody,* 676 P.2d 691 (Colo.1984). Voluntariness in this context requires a showing that defendant or his attorney acquiesced freely in a trial date beyond the speedy trial period. *See People v. Sevigny,* 679 P.2d 1070 (Colo.1984). Failure to object to a trial setting beyond the speedy trial term is a factor to consider on the issue of waiver. *People v. Sevigny, supra.* A defendant may effectively waive his right to final disposition within the 90 day statutory limitation by his active participation in the trial setting, in any delays, and in his agreement to settings by the trial court. *People v. Mascarenas,* 666 P.2d 101 (Colo. 1983).

Here, defendant, and presumably his attorney, knew of the execution and delivery of the request for final disposition before the first trial setting made on February 10. Defense counsel certainly had constructive notice of the request upon its being filed with the trial court on March 4, 1983, and counsel was, in fact, notified of the filing by letter on March 7. On March 9, defendant's motion for an extension of time to file motions was granted to April 7 and the trial date of May 2 was reaffirmed. Defendant thereafter filed various motions, none of which alleged any defect under the act, and a hearing was held on April 15, when the court and counsel again reaffirmed the trial setting. Thus, here, as in *People v. Mascarenas, supra,* defendant "was represented by counsel throughout the pretrial period and could have easily cured any defects in his request under the detainers act. We agree with the trial court's determination that allowing the act to be invoked in the situation here would amount to 'trial by ambush.' " *Cf. People v. Sevigny, supra.* The record amply supports defendant's free and voluntary acquiescence to the trial date.

The trial court determined correctly that defendant waived any alleged defect under the act including his contention that the "forthwith" requirement was not met. *See People v. Bean,* 650 P.2d 565 (Colo.1982).

II.

Defendant also contends that the trial court abused its discretion in admitting into evidence a mittimus which showed that he had a previous conviction for attempted first-degree murder. This exhibit was offered and admitted to prove that he was lawfully confined. He argues that the trial court erred in failing to order the prosecution to accept his stipulation to that element of the offense. We disagree.

Generally the government is not required to accept an offer by the defense to stipulate to the facts of a case and may insist on proving all essential elements of its case. *United States v. Brinklow,* 560 F.2d 1003 (10th Cir.1977), *cert. denied,* 434 U.S. 1047, 98 S.Ct. 893, 54 L.Ed.2d 798 (1978). Whether the government should be required to accept a defendant's offer to stipulate is a discretionary matter with the

trial court. *United States v. Brinklow, supra.*

■ In this instance the probative value of the evidence offered was not substantially outweighed by the danger of unfair prejudice. *See People v. Lowe,* 660 P.2d 1261 (Colo.1983). Thus, the determination to admit the mittimus was properly within the discretion of the trial court. *See United States v. James,* 609 F.2d 36 (2nd Cir.1979); CRE 403; *see also People v. White,* 199 Colo. 82, 606 P.2d 847 (1980).

Judgment affirmed.

PIERCE and SMITH, JJ., concur.