The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Daniel ANDERSON, Defendant–Appellant.

No. 96CA0757.

Colorado Court of Appeals, Div. III.

Oct. 2, 1997.

Rehearing Denied Nov. 13, 1997.

Certiorari Denied May 11, 1998.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Pamela A. Dayton, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge HUME.

Defendant, Daniel Anderson, appeals from a judgment of conviction entered upon jury verdicts finding him guilty of one count of child abuse resulting in death, two counts of vehicular homicide while driving under the influence, one count of vehicular assault while driving under the influence, three counts of second degree assault, three counts of violent crime, one count of driving under the influence, one count of reckless driving, and one count of driving on the wrong side of the highway. We affirm.

Defendant's convictions stem from an automobile accident that occurred after defendant entered and drove on the wrong side of the highway. His car collided head on with another car, killing two of that car's passengers, one of which was a child.

## I.

■ Defendant initially contends that the trial court impermissibly burdened his constitutional right to testify when it refused to rule, in advance of his decision not to testify, whether his testimony would impliedly waive his statutory right to claim the physician-patient privilege. We disagree.

■ A criminal defendant has a due process right to testify in his own defense under both the United States and Colorado Constitutions, *Apodaca v. People*, 712 P.2d 467 (Colo.1985), and that right may not be impermissibly "chilled." *People v. Myrick*, 638 P.2d 34 (Colo.1981).

■ A constitutional right may be impermissibly "chilled" when there is some penalty imposed for exercising the right. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *Apodaca v. People, supra.* However, not all burdens placed on a defendant's choice of whether to testify constitute impermissible impediments to the exercise of his or her constitutional right to testify. *See People v. Myrick, supra. See also People v. Henry*, 195 Colo. 309, 578 P.2d 1041 (1978).

Defendant argues that the trial court's refusal to decide in advance whether his proposed testimony would waive his physician-patient privilege, thus allowing the prosecution access to potentially prejudicial information that might then be used to impeach him, deprived him of any meaningful opportunity to make an informed decision about whether to testify. We are not persuaded.

A defendant's right to testify has generally been found to be impermissibly burdened only when there is an issue involving the constitutional admissibility of evidence or when the defendant is forced to choose between the right to testify and some other constitutional right.

For example, in *Apodaca v. People, supra*, the supreme court held that the trial court had impermissibly burdened the defendant's right to testify by refusing to rule, before requiring the defendant to decide whether to testify, on the constitutional admissibility of a prior conviction.

Similarly, in *People v. Rosenthal*, 617 P.2d 551 (Colo.1980), the supreme court held that the defendant's right against self-incrimination was impermissibly burdened when, in the guilt trial, the prosecution was allowed to admit statements that the defendant had made to a psychiatrist while preparing for the sanity trial. The statutory provision limiting the use of such psychiatrist-patient communications was enacted to protect the constitutional right against self-incrimination. *See also People v. Kreiter*, 782 P.2d 803 (Colo.App.1988)(defendant's right to present a defense was impermissibly burdened when the trial court based its ruling as to the admissibility of similar act evidence on an incorrect burden of proof).

In *People v. Chavez*, 621 P.2d 1362 (Colo. 1981), *cert. denied*, 451 U.S. 1028, 101 S.Ct. 3019, 69 L.Ed.2d 398 (1981), the defendant's right to testify was found to have been impermissibly burdened when he was forced to choose between his constitutional right to testify in his own defense and his constitutional right to require the State to prove the elements of habitual criminality beyond a reasonable doubt. And, in *Griffin v. California, supra*, the United States Supreme Court held that the right against self-incrimination was impermissibly chilled when the prosecution was allowed to comment on the defendant's election not to testify, thereby encouraging the jury to draw an adverse inference from the exercise of the constitutional right to remain silent.

In contrast, here, the statute establishing the physician-patient privilege was enacted, not to protect any constitutional rights, but to encourage patients fully to disclose medically relevant information to their physicians by reducing the possibility of humiliation or embarrassment through later public disclosure of such information by the physician. *People v. Deadmond*, 683 P.2d 763 (Colo. 1984). *See also People v. Eggert*, 923 P.2d 230 (Colo.App.1995)(trial court's refusal to grant use immunity for defendant's testimony did not impermissibly chill defendant's right to testify because use immunity is not a constitutional requirement).

■ Moreover, here, unlike in the above referenced cases, defendant was essentially

asking the trial court to rule on speculative evidence. Although defendant offered tentative proof of his intended testimony, the specifics of that testimony could not have been made definite prior to his actually taking the stand at trial. A defendant is not entitled to an advisory ruling that would assist him in tailoring his testimony for presentation to the jury.

Nor are we aware of any authority indicating that the trial court is required to advise a defendant about every strategic consequence of testifying, or about the consequences of testifying to specific facts. *See People v. York*, 897 P.2d 848 (Colo.App.1994).

We, therefore, conclude that the trial court did not err in declining to rule in advance on whether defendant's proposed testimony would impliedly waive his physician-patient privilege.

## II.

■ Defendant also contends that the trial court erred in denying his motion for judgment of acquittal on the charge of reckless child abuse resulting in death. He argues that the conviction is illegal because there was no evidence presented at trial that he was aware of the child's presence in the other car. Although he recognizes that this identical argument has been rejected in *People v. Deskins*, 927 P.2d 368 (Colo.1996), he raises it here in order to preserve his right to raise it in further proceedings.

Nevertheless, the *Deskins* decision is binding upon this court and is dispositive of this issue. Accordingly, the trial court did not err in denying defendant's motion for judgment of acquittal.

## III.

■ Defendant finally contends that the trial court abused its discretion in admitting into evidence photographic transparencies taken at the scene of the accident, and showing the two victims inside their damaged vehicle. We disagree.

At trial, defendant objected to the use of these transparencies on the ground that they would be unduly prejudicial because, unlike ordinary photographs, they would be projected onto a large screen in front of the jury. He also objected to their use on the ground that they were rendered irrelevant because he had already conceded the death of these victims. The trial court overruled defendant's objection, holding that the transparencies were relevant and that they were not unfairly prejudicial. We agree with the trial court.

■ Photographs may be used to portray relevant matters, including, among other things, the scene of the crime, the identification of the victim, the appearance and condition of the deceased, and the location, nature, and extent of the wounds or injuries. *People v. Nhan Dao Van*, 681 P.2d 932 (Colo.1984).

■ Further, photographs are not inadmissible merely because the defendant has stipulated to certain facts, or because those facts have been established through the testimony of a prosecution witness. *People v. White*, 199 Colo. 82, 606 P.2d 847 (1980). And, photographs are not automatically inadmissible because they are in slide-format. *People v. Harris*, 633 P.2d 1095 (Colo.App. 1981).

We conclude that the challenged transparencies were properly admitted to illustrate graphically the testimony of a volunteer firefighter and emergency medical technician, who described how the victims looked when she first arrived at the scene. The transparencies were shown only briefly and were not so inflammatory as to be unduly prejudicial. Therefore, we perceive no abuse of the trial court's discretion in admitting the transparencies.

The judgment is affirmed.

JONES and BRIGGS, JJ., concur.