### No. 26068

### The People of the State of Colorado v. Otis L. Davis
(530 P.2d 499)

Decided December 9, 1974.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for plaintiff-appellant.

Richard W. Bangert, P.C., for defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal brought by the Denver District Attorney pursuant to the Colorado Code of Criminal Procedure, Colo. Sess. Laws, 1972, Ch. 44, 39-12-102 at 253, appealing a decision of the trial court upon a question of law.

On October 25, 1972, the defendant became involved in a barroom scuffle in which he shot and killed one Ben Ryan. He was charged by information with first-degree murder, and was ultimately found guilty by a jury of manslaughter. The People's appeal is based on the instruction given the jury for second-degree murder; they contend that the instruction did not conform to the facts of the case, or to the second-degree murder statute. We agree.

The trial court gave the following instruction in defining second-degree murder:

"A person commits the crime of murder in the second degree if:

"He causes the death of a person intentionally, but without premeditation.

"The elements of murder in the second degree are therefore:

"(1) With specific intent to cause the death of a person, and

"(2) Causing the death of that person.

"If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant, Otis L. Davis, without affirmative defense, acted in such a manner so as to satisfy all of the above elements at or about the date and place stated in the information, you should find the defendant guilty of murder in the second degree; if you do not so find, you should find the defendant not guilty of murder in the second degree."

The crime of second-degree murder is defined in our Criminal Code as follows:

"*1971 Perm. Supp., C.R.S. 1963, 40-3-103, Murder in the Second Degree.* (1) A person commits the crime of murder in the second degree if:

"(a) He causes the death of a person intentionally, but without premeditation."

The word "intentionally" as used in the Criminal Code is defined as follows:

"*1971 Perm. Supp., C.R.S. 1963, 40-1-601(6) Intentionally.* A person acts intentionally with respect to a result or to conduct described by a statute defining an offense, when his conscious object is to cause that result or to engage in that conduct *or when his actions are such as to give rise to a substantial certainty that such results will be produced.*"

The trial court failed to include in its instruction that portion of the statutory definition of the word *"intentionally"* which is emphasized above. As a part of the instruction on second-degree murder, the court must clearly state both prongs of the statutory definition of the word *"intentionally"* when, as here, the evidence warrants. The instruction in this case should have been:

A person commits the crime of murder in the second degree if: He causes the death of a person intentionally, but without premeditation.

A person intentionally causes the death of another person: (1) when his conscious object is to cause the death of that other person, or, (2) when his actions are such as to give rise to a

substantial certainty that the death of that other person will occur as a result of those actions.

The elements of murder in the second degree are therefore:

(1) intentionally, but without premeditation,

(2) causes the death of a person.

If, after considering all of the evidence, you find that the prosecution has established beyond a reasonable doubt that the defendant, Otis L. Davis, without affirmative defense, acted in such a manner as to satisfy all of the above elements at or about the date and place stated in the information, you should find the defendant guilty of murder in the second degree; if you do not so find, you should find the defendant not guilty of murder in the second degree.

The ruling of the trial court is disapproved.