**No. 27390**

**The People of the State of Colorado v. Jesse Santana Cisneros**

(566 P.2d 703)

Decided July 18, 1977.

Robert L. Russel, District Attorney, David H. Zook, Deputy, for plaintiff-appellant.

No appearance for defendant-appellee.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

The district attorney appeals solely on a question of law, pursuant to section 16-12-102, C.R.S. 1973. After a preliminary hearing, the trial court dismissed the first charge of felony criminal mischief[1] against defendant Cisneros. Cisneros later pled guilty to the second charge, second-degree burglary,[2] in exchange for dismissal of a felony charge filed against him later. The issue is whether the trial court correctly interpreted the criminal mischief statute in reaching its decision to dismiss that charge. We find that the trial court erred.

Testimony given at the preliminary hearing was to the following effect. Colorado Springs police sergeant Tooley was dispatched to Curly's Bar in response to a burglar alarm. He observed two men apparently attempting to climb into the building through a 4' x 3' window with bars over it. Defendant Cisneros appeared to be assisting his companion who had kicked in the window glass and was trying to kick aside a metal cabinet which was pushed against the window from the inside. Cisneros' companion appeared to have his leg inside of the building. When they became aware of Tooley's presence, the companion fled but Cisneros was immediately apprehended and arrested.

The owner of Curly's Bar testified to the amount of damage done to the building on this occasion. Costs of repair and replacement of damaged items were estimated to be well over the hundred dollar limit which marks the difference between misdemeanor criminal mischief and class 4 felony criminal mischief.

---

[1]Section 18-4-501, C.R.S. 1973.
[2]Section 18-4-203, C.R.S. 1973.

At the conclusion of the preliminary hearing, the trial court dismissed the criminal mischief charge for failure to establish probable cause. The court stated that criminal mischief is not simply a lesser included burglary offense but requires the additional showing of a defendant's malice against property or its owner; and that value is irrelevant to a charge of criminal mischief.

The text of the criminal mischief statute follows:

"18-4-501 Criminal mischief. Any person who *intentionally* damages the real or personal property of one or more other persons in the course of a single criminal episode commits a class 2 misdemeanor where the aggregate damage to the real or personal property is less than one hundred dollars. Where the aggregate damage to the real or personal property is one hundred dollars or more, he commits a class 4 felony." (Emphasis added.)

In previous codes, the analogue of this offense was malicious mischief, one element of which was the "willful and malicious" destruction of property. C.R.S. 1963, 40-18-1. The trial court apparently believed that malice remains an element of the offense despite its omission from the text of the revised statute, in order to differentiate the crime from a lesser included burglary offense.

■ A lesser included offense exists when the statute creating the greater offense requires *all* the essential elements of the lesser offense. *People v. Rivera*, 186 Colo. 24, 525 P. 2d 431 (1974) and *Daniels v. People*, 159 Colo. 190, 411 P.2d 316 (1966). Even without the trial court's addition of the element of malice to the crime of criminal mischief, it is obviously not a lesser included burglary offense because the elements are far different. While criminal mischief requires damage to property, burglary does not. *Compare* sections 18-4-202, 18-4-203, and 18-4-204, C.R.S. 1973 *with* section 18-4-501, C.R.S. 1973.

Relying on cases construing the old malicious mischief statute, the trial court ignored the plain meaning of the words of the statute under which the defendant was charged. The new statute plainly omits "willfully and maliciously" as an element of the offense of criminal mischief and replaces that element with "intentionally." Section 18-1-501(5), C.R.S. 1973 (1976 Supp.) defines "intentionally" as follows:

"A person acts intentionally with respect to a result or conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct."

■ In no way can this definition be interpreted as requiring a showing of malice against property or owner. Unlike the revised theft statute, which includes a section expressing the legislative intent to incorporate numerous old theft offenses into the new Act,[3] there is no similar legislative

---

[3]Section 18-4-403, C.R.S. 1973.

indication that the criminal mischief statute means anything other than what its plain words express — that malice is not an element of the offense. When the General Assembly prescribes a specific intent necessary to commit a crime, courts cannot substitute a different intent. *People v. Kanan,* 186 Colo. 255, 526 P.2d 1339 (1974).

In addition, the court's suggestion that value is irrelevant to the offense of criminal mischief was erroneous. Clearly, value is an essential element of felony criminal mischief. Unless the property damaged has an aggregate value of one hundred dollars or more, there is no felony offense.

Contrary to defendant's assertions, the preliminary hearing procedures utilized by the trial court were proper, although it erred in its interpretation of the law. Authorized by Crim. P. 7(h), the preliminary hearing is not a mini-trial, but is a proceeding to determine whether there is probable cause to believe that a crime has been committed and that the defendant committed it. *Johns v. District Court,* 192 Colo. 462, 561 P.2d 1 (1977). Accordingly, the trial court correctly made no findings of fact, but simply applied the law to the prosecution's case, albeit erroneously.

The judgment of the district court is disapproved.

MR. JUSTICE CARRIGAN does not participate.