**44**

The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gregory DELANEY,
Defendant–Appellant.

No. 77–875.

Colorado Court of Appeals,
Div. II.

June 12, 1980.

Rehearing Denied July 3, 1980.

Certiorari Denied Dec. 8, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Kathleen M. Bowers, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Sherry S. Seiber, Spec. Deputy State Public Defender, Denver, for defendant–appellant.

RULAND, Judge:

The defendant, Gregory Delaney, appeals his conviction by a jury of manslaughter. We reverse and remand for a new trial.

On the evening of July 13, 1976, the defendant and several of his friends attended a concert at the Red Rocks amphitheater. As the group was attempting to depart the area in defendant's open convertible, one of the defendant's friends became involved in a fight with an individual later identified as LeRoy M. Duran. A crowd gathered, and threats and obscenities were exchanged.

Defendant testified that in order to stop the fight he pulled a pistol from the car's glove compartment, and fired one shot into the ground. The shot was successful in momentarily breaking up the fight, but as he was turning back towards his car, defendant was struck on the right cheek by a rock thrown by an unknown assailant. According to the defendant, he then received a second, more severe blow to the right side of his head by a rock. Simultaneously with the receipt of a second blow to the head, defendant fired three shots in the direction

that he thought the attack had originated. One of these shots hit and killed Duran.

The jury was instructed on the elements of second degree murder, and the lesser included offense of heat of passion manslaughter. The jury was also instructed as to the elements of the crime of criminally negligent homicide as a lesser included offense. Pursuant to the statutes then in effect,[1] specific intent was an element of all three offenses. See §§ 18–3–103(1)(a), 18–3–104(1)(c), and 18–3–105(1)(b), C.R.S.1973. The court also instructed the jury on defendant's theory of "self–defense." Based on these instructions, the jury returned a guilty verdict of manslaughter.

■ Defendant first contends that the trial court erred in refusing to instruct the jury on his affirmative defense of impaired mental condition. See § 18–1–803, C.R.S. 1973; Colo.J.I. (Crim.) 7:12. This contention is moot as to the crime of second degree murder. We agree with defendant's contention as to the remaining crimes.

Section 18–1–803, C.R.S.1973 (1978 Repl. Vol. 8), provides that:

"Evidence of an impaired mental condition though not legal insanity may be offered in a proper case as bearing upon the capacity of the accused to form the specific intent if such an intent is an element of the offense charged."

As noted above, pursuant to the statutes then in effect, heat of passion manslaughter and criminally negligent homicide were specific intent crimes. As then defined,[2] a person acted "intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective [was] . . . to cause such result or to engage in such conduct." See Colo.Sess. Laws 1975, Ch. 167, § 18–1–501(5) at 616. Thus, it was necessary for the People to establish that defendant's conscious objective was to cause the victim's death. See

People v. Davis, 187 Colo. 117, 530 P.2d 499 (1974). Hence, an instruction on an impaired mental condition was required if there was any evidence tending to establish that the blow to defendant's head impaired his mental condition sufficiently to preclude formation of a conscious objective to cause the victim's death. See People v. Watkins, 196 Colo. 377, 586 P.2d 43 (1978).

Defendant testified that when he was struck by the second stone, he thought he was shot, he was dizzy, saw colors, and "instantly" turned and fired. This blow resulted in a laceration which required 12 stitches, the defendant passed out en route to his home after the incident, and a physician testified that this blow could cause a mild concussion. Under these circumstances, defendant's claim that his mental condition was sufficiently impaired so that he did not have a conscious objective of causing the victim's death should have been presented to the jury in a theory of the case instruction.

■ Because the statute must be strictly construed in favor of the accused, People v. Cornelison, 192 Colo. 337, 559 P.2d 1102 (1977), contrary to the People's contention, we may not interpret the statute either to require evidence of any psychiatric abnormality or independent testimony to analyze the effect of this blow on defendant's mental state. Rather, this effect may be inferred from the evidence present. Finally, we have considered the People's other contentions relative to the statute and conclude that they lack merit. Cf. People v. Cisneros, 193 Colo. 380, 566 P.2d 703 (1977).

■ A possible issue on retrial lies in defendant's contention that the trial court erred in refusing to allow him to call an expert to testify concerning the level of alcohol and narcotics in the victim's blood at the time of death. Defendant argues that such evidence was relevant to defendant's

1. Second degree murder, heat of passion manslaughter, and criminally negligent homicide are now general intent crimes. See §§ 18–3–103(1)(a) and 18–3–105(1)(b), C.R.S.1973 (1978 Repl.Vol. 8). See also § 18–3–104(1)(c), C.R.S. 1973 (1978 Repl.Vol. 8) (1979 Cum.Supp.).

2. Section 18–1–501(5), C.R.S.1973 (1978 Repl. Vol. 8), now requires that a defendant's conscious objective be "to cause the specific result proscribed by the statute defining the offense."

**46**

claim of self defense, and that it would have shown a greater likelihood of "irrational behavior" on the part of the victim immediately prior to his death. However, defense counsel's offer of proof at trial consisted solely of the expert's testimony that some alcohol and drug traces were found in the victim's bloodstream. He made no effort to show how such substances might have affected the victim's behavior, either positively or negatively, on the night in question. As such we cannot say, as a matter of law, that the trial court abused its discretion in denying the admission of this evidence. *See Wafer v. People*, 175 Colo. 332, 488 P.2d 73 (1971).

The judgment is reversed and the cause remanded for a new trial consistent with the views expressed in this opinion.

STERNBERG and KIRSHBAUM, JJ., concur.