The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald J. WATERS, Defendant-Appellant.

No. 80CA0239.

Colorado Court of Appeals, Div. I.

Oct. 8, 1981.

Rehearing Denied Nov. 5, 1981.

Certiorari Denied March 1, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Joseph J. Bellipanni, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

COYTE, Judge.

Defendant, Ronald J. Waters, appeals the judgment of the trial court entered upon a jury verdict finding him guilty of felony criminal mischief.

Although it was undisputed that on the evening of May 17, 1979, a van driven by defendant and carrying his three brothers and four friends stopped at an intersection behind a Volkswagen Beetle driven by the victim and carrying his wife, and three other family members, the events thereafter are in dispute.

The victim and his relatives testified that defendant walked up to his car, began swinging a motorcycle chain, and then pulled a knife and threatened him. The defendant and his friends testified that when the defendant went to the victim's automobile, the victim kicked him in the knee, and in response the defendant hit the victim with his fists. Defendant denied that he had a chain, a belt, or a knife.

The prosecutor introduced evidence that the victim's automobile sustained a dented side panel and a dented roof in the incident and that the estimated repair cost was $177.70.

After a day and one-half of trial, a jury of eleven, one juror having been excused during trial because he was intoxicated, found defendant not guilty of menacing with a deadly weapon, i.e., a knife, but guilty of felony criminal mischief.

I.

Defendant contends that the trial court's failure to require a written waiver by defense counsel or a personal waiver by the defendant of his right to a jury of twelve violated the requirements of Crim.P. 23(a)(7). We disagree.

During the noon recess on the first day of trial, the trial court was informed that a juror had been drinking during lunch. After an in camera hearing, the trial court found that the juror's thinking and recollection were impaired, apparently by alcohol, and that he ought not to continue that day. Stating that it had the option to recess and have the juror return the next day or to excuse the juror and proceed with eleven jurors, the trial court sought the advice of counsel. Defense counsel stated that the juror, who had been examined by the court on this matter, would not be on an equal basis whether he returned the next day or not, and asked the court to excuse the juror from service. Defendant was present

throughout these proceedings and was consulted by his counsel, but he voiced no objection to his counsel's statements.

Defendant now contends that since he had not signed a written waiver, it was error for the defendant to be tried by a jury of less than 12. We disagree.

Crim.P. 23(a)(7) provides that:

"In any case in which a jury of twelve has been sworn to try a case, and any juror by reason of illness or other cause becomes unable to continue until a verdict is reached, the court may excuse such juror. If no alternate juror is available to replace such juror, the parties at any time before verdict may stipulate in writing with court approval that the jury shall consist of any number less than twelve, except in class 1 felonies, and the jurors thus remaining shall proceed to try the case and determine the issues unless discharged by the court for inability to reach a verdict."

See § 16–10–106, C.R.S.1973 (1978 Repl.Vol. 8).

Where, as here, defense counsel stipulates to a jury of less than twelve in open court and on the record, the requirement of Crim.P. 23(a)(7) that the stipulation be in writing is met. As stated in *State v. Ciniglio*, 57 N.J.Super. 399, 154 A.2d 845 (1959), *cert. denied*, 31 N.J. 295, 157 A.3d 364 (1960):

"So long as defendant knowingly and understandingly participated in the oral agreement to go ahead with 11 jurors, he has no standing to now claim that such arrangement is not binding on him because it was not in writing. We certainly do not approve of noncompliance with [the rule requiring a written waiver]. However, it is clear that the purpose underlying [that] rule was satisfied and the spirit of the rule was observed. In this instance the procedural irregularity does not vitiate an otherwise fair trial."

*See United States v. Vega*, 447 F.2d 698 (2nd Cir. 1971) *cert. denied*, 404 U.S. 1038, 92 S.Ct. 712, 30 L.Ed.2d 730 (1971); *People v. Ames*, 52 Cal.App.3d 389, 124 Cal.Rptr. 894 (1975).

## II.

Defendant contends that there was insufficient evidence that the damage exceeded $100 to withstand his motion for judgment of acquittal. We disagree.

In the case of a charge of criminal mischief, the value of the damage may be determined by the costs of repair and replacement. *See People v. Cisneros*, 193 Colo. 380, 566 P.2d 703 (1977); *People ex rel. Russel v. Hall*, Colo., 620 P.2d 34 (1980). Here, the testimony of the owner of an auto body shop that according to his estimate, the cost to repair the damage to the victim's automobile would be $177.70 was sufficient evidence that the damage was in excess of $100.

## III.

Defendant contends that the trial court improperly allowed the prosecution to reopen its case after defendant had moved for a judgment of acquittal on the grounds that venue had not been proven. We disagree.

There was undisputed evidence that this incident occurred at the intersection of 84th Avenue and Federal Boulevard. But during its case-in-chief, the prosecution presented no evidence that this intersection was in Adams County. After defendant's motion for judgment for acquittal, at which he raised this issue, the trial court allowed the prosecution to present evidence that the intersection in question is in Adams County. The court then denied defendant's motion.

It is within the discretion of the trial court to permit either party to introduce evidence after closing his case. *Brooke v. People*, 23 Colo. 375, 48 P. 502 (1897). The prosecutor's failure to introduce evidence prior to closing his case was an inadvertent oversight, and the court's action in permitting him to reopen his case-in-chief was within its discretion. *Raullerson v. People*, 157 Colo. 462, 404 P.2d 149 (1965); *Brooke v. People, supra.*

## IV.

Defendant contends that the trial court erred in refusing his tendered instruc-

tions on self-defense and the justifiable use of force. We disagree.

Defendant's theory as to the criminal mischief charge was that as a result of the victim's actions in kicking him in the knee, he engaged in mutual combat with the victim which resulted in incidental damage to defendant's automobile. There is no evidence in the record that the property damage to the victim's automobile resulted from defendant's use of force in defending himself.

Defendant testified that after being kicked he "pretty much went crazy," and that during the combat with the victim he was partly in and out of the car, that he did not have a chain belt, and that he had no firsthand knowledge how the victim's automobile may have been damaged. This testimony was corroborated by the defense witnesses.

The prosecutor introduced testimony that the victim was just sitting at the traffic light when defendant approached the victim's automobile, removed his chain belt, hit the roof of the automobile and kicked the side of the automobile.

Thus, the trial court properly refused defendant's instructions which are not supported by the evidence. *People v. Thompson*, 197 Colo. 299, 592 P.2d 803 (1979).

## V.

Defendant contends that the misconduct of the prosecutor during closing argument denied him a fair trial. We disagree. In denying defendant's motion for new trial, the trial court found that although there was impropriety in the prosecutor's final argument, it was cured by defendant's acquittal in the felony menacing charge and, more importantly, by the court's admonitions to the jury. We agree with the trial court. *See People v. Ferrell*, Colo., 613 P.2d 324 (1980).

Judgment affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.