The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Ronald Lee RUBANOWITZ, Defendant-Appellant.

No. 81CA0999.

Colorado Court of Appeals, Div. II.

June 16, 1983.

Rehearing Denied July 14, 1983.

Certiorari Denied Nov. 29, 1983.

Robert S. Gallagher, Jr., Dist. Atty., James C. Sell, Chief Deputy Dist. Atty., Littleton, for plaintiff-appellee.

J. Gregory Walta, State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Ronald Rubanowitz, appeals his conviction by a jury on one count of tampering with a witness. We reverse.

---

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1982 Cum.Supp.).

As the result of certain events during an earlier trial (trial 1), Rubanowitz was charged by information with tampering with a witness in violation of § 18–8–605(1)(a), C.R.S.1973 (1978 Repl.Vol. 8). The charge resulted from a telephone conversation Rubanowitz held with one of the witnesses at trial 1. The People presented evidence to show that Rubanowitz had called the witness, during trial 1, and thanked her for testifying falsely at his urging on certain issues. When she expressed regret and indicated she was going to recant as to her testimony, Rubanowitz attempted to convince her to stick to her perjured testimony. Unbeknownst to Rubanowitz, the witness had already been confronted concerning her perjured testimony and Rubanowitz's conversation was being tape recorded.

At trial on the witness tampering charge, Jonathan Olom, Rubanowitz's attorney at trial 1, testified to Rubanowitz's reactions during the trial. He testified that they were in constant contact prior to the commencement of trial and during the five week trial. Olom testified that Rubanowitz appeared to him to become increasingly irrational and frustrated as the trial wore on. Rubanowitz was constantly interfering with the attorneys while they were preparing the case, and appeared incapable of understanding explanations regarding the trial. However, Olom was not permitted to give his opinion as to Rubanowitz's ability to form the specific intent required for witness tampering, and, consequently, the trial court refused Rubanowitz's tendered instructions on diminished mental capacity.

## I.

■ Rubanowitz argues that the trial court erred in refusing to permit Olom to express his opinion, as a lay witness, on the question of whether Rubanowitz suffered from an impaired mental condition at the time of his alleged commission of the offense. We agree that such refusal was error.

■ Rubanowitz attempted to elicit Olom's opinion testimony pursuant to CRE 701. This rule sets out two threshold requirements before a lay witness can be permitted to give opinion testimony; it provides that:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue."

At trial, the court ruled that CRE 701(a) required, under these circumstances, that the witness establish that he has medical knowledge of abnormal mental states. This ruling was erroneous.

In *United States v. Harris,* 558 F.2d 366 (7th Cir.1977) the court held that Fed.R. Evid. 701 and 704 (identical to the similarly numbered Colorado Rules of Evidence) permitted a judge to testify that, in his opinion, a defendant in a witness intimidation trial could form the requisite specific intent. The judge, who presided in the case in which the intimidation occurred, was allowed to testify that the defendant's demeanor "left the impression with me that he knew exactly what he was doing." The judge was not required to show any specific medical knowledge. Rather, it was held to be sufficient that he had been able to observe the defendant throughout the trial. In the case at bar, Olom had daily contact with the defendant and was able to observe the changes in the defendant's behavior over an extended period of time. If any lay witness would be qualified to give an opinion based on his perceptions, Olom is that witness.

We find additional support for this position in an examination of the statutes which govern the issues of insanity and incompetency in criminal cases. Section 16–8–109, C.R.S.1973 (1978 Repl.Vol. 8) provides in part as follows:

"In any trial or hearing in which the mental condition of the defendant is an issue, *witnesses not specially trained in psychiatry or psychology* may testify as to their observation of the defendants

actions and conduct, and as to conversations which they have had with him bearing upon his mental condition, *and they shall be permitted to give their opinions or conclusions concerning the mental condition of the defendant."* (emphasis added)

In the case of insanity or release from commitment following a finding of insanity, it has been held that, under this statute, the rule permitting lay witness opinion testimony requires only that: (1) "the lay witness had an adequate means of becoming acquainted with the person whose sanity is in issue; and (2) the contacts must be proximate in time to the alleged offense." *People v. Medina,* 185 Colo. 101, 521 P.2d 1257 (1974); *see People v. Giles,* 192 Colo. 240, 557 P.2d 408 (1976). We find nothing in the foundational rules which relate to CRE 701(a) requiring special medical knowledge and see no rational reason to bar lay opinion testimony regarding the lesser condition of impaired mental condition when the issue is legal insanity.

 The requirement of CRE 701(b) as to the testimony's helpfulness to the jury is satisfied when a witness' expression of his opinion provides the jury with his overall impression and "brings the particulars into focus . . . ." 3 *D. Louisell & C. Mueller, Federal Evidence* § 376 at 620 (1979). "Common experience strongly suggests that contemporaneous firsthand observation yields valuable impressions which cannot adequately be conveyed later by 'objective' descriptions of outward behavior." D. *Louisell & C. Mueller, supra,* at 625–26.

Olom's testimony more than adequately met the threshold requirements of CRE 701. His opinion based upon his observations was therefore improperly excluded resulting in substantial prejudice to Rubanowitz' rights by denying him the opportunity to present relevant evidence in support of his defense theory of impaired mental condition. Because there was no opinion evidence on this issue, the trial court refused Rubanowitz' tendered jury instructions on impaired mental condition. On retrial, if Olom testifies as to his opinion concerning Rubanowitz' mental condition, and such testimony tends to support the existence of impaired mental condition, the giving of an instruction on impaired mental condition would be required. *People v. Delaney,* 44 Colo.App. 366, 620 P.2d 44 (1980).

As we reverse this matter and remand for new trial, we need not address Rubanowitz's contention that the trial court erred in not allowing his challenge for cause of a prospective juror.

The judgment of conviction is reversed and the cause is remanded to the trial court for new trial.

PIERCE and TURSI, JJ., concur.