**Gary R. EVANS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–1182A334.**

Court of Appeals of Indiana, Fourth District.

March 28, 1984.

Susan K. Carpenter, Public Defender, David P. Freund, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Gary Evans was convicted of burglary—breaking and entering with intent to commit felony criminal mischief; that is, destruction of property in excess of $2500 (a class C felony, IND.CODE 35–43–2–1)[1] in connection with a break-in at the United

---

1. Evans was originally also charged with burglary—breaking and entering with intent to commit theft and with Class A misdemeanor criminal mischief. He was found not guilty of burglary with intent to commit theft and guilty of Class B misdemeanor criminal mischief. The criminal mischief conviction was vacated by the trial court at the time of sentencing.

Methodist Church in Rising Sun, Indiana. He was sentenced to five years. On appeal, Evans claims a number of errors justify reversal. We agree with one—that the facts, including Evans' intoxicated condition, the lack of any serious damage to the church and other surrounding circumstances fail to establish he in fact intended to commit massive destruction (in excess of $2500) of the church property. Because of our disposition of the case, we limit our discussion to the single issue of the sufficiency of the evidence.

## DECISION

At the outset, however, before discussing the facts, we direct the readers' attention to the criminal mischief statute in effect at the time this crime was committed (IND.CODE 35–43–1–2).[2] That law had three degrees and provided that a person who recklessly, knowingly or intentionally damaged the property of another person committed criminal mischief, a class B misdemeanor. The offense became a Class A misdemeanor if pecuniary loss amounted to $250 and to a Class D felony when either (1) the pecuniary loss amounted to $2500 (2) the damage caused substantial interruption or impairment of public utility service, or (3) the damage was to a public record.

About 9 P.M. Saturday, February 6, 1982, Reverend and Mrs. Russell Lloyd Van Sciver travelled to the United Methodist Church in Rising Sun, Indiana in order to check on the heat in the building in anticipation of the next day's church service. They did not enter the building, however, after Mrs. Van Sciver noted that a glass door at the front of the church had been broken. Instead, Mrs. Van Sciver proceeded to the police station located next door to the church and reported the incident while Reverend Van Sciver waited outside. Police Chief Dick Powell was on patrol in the area and answered the call. He and the Van Scivers then returned to the church, where they found the defend-

ant Evans in the church basement in an intoxicated state with blood on his face, hands and arms. Evans had his pants pulled down around his knees and had apparently urinated on a small table located in the room used for Sunday school. Window panes had been broken out of the glass doors on both the north and south sides of the church, and there was broken glass on the floor. A few metal chairs were overturned, a table had been displaced from its ordinary location and a cross and a pair of candlesticks kept on the table had been knocked to the floor. In an adjacent kitchen area, they found two coats Evans had been wearing and observed blood on the floor and fixtures.

Evidence at trial disclosed that Evans had consumed a number of beers with a friend during the day, and had then drunk approximately twenty Bloody Mary mixed drinks in the space of an hour at the local American Legion Hall bar, leaving at about 8 P.M. in a highly intoxicated state. Some time after 8:30 P.M., Evans arrived at the "Fork & Spoon" coffeeshop (also in Rising Sun) with blood all over his face which apparently stemmed from a cut over one of his eyes. He remarked to Wyona Mosier, a coffeeshop employee, that it was raining outside (it was a dry night), and that he didn't know how he had injured his head. He then left, telling Mosier he was going to the police station across the street to get a ride home. Mosier watched him as he travelled down the street, noting he could not walk in a straight line. A short time later, she saw lights come on in the church next door to the police station.

Evans testified at trial he had no recollection of the evening's events after arriving at the American Legion Hall. Psychiatric reports filed with the trial court revealed Evans had a lengthy history of drug and alcohol abuse and antisocial behavior. Also entered into evidence at the trial was a report from Dr. J.J. Kelly, one of the psychiatrists who examined Evans, who in-

2. The criminal mischief statute was amended in 1983 to provide for an additional crime of "institutional criminal mischief," which encompasses, among other things, damage to structures used for religious worship.

dicated it was possible Evans had experienced an alcoholic blackout on the night in question which led to his inability to clearly recollect the time in question.

Evans was charged by information with three counts: Count I, burglary (breaking and entering with intent to commit theft); Count II, burglary (breaking and entering with intent to commit felony criminal mischief); Count III, Class A misdemeanor criminal mischief. At trial, the State agreed to lower the criminal mischief charge to a Class B misdemeanor because there was no evidence introduced of the amount of pecuniary damage. After trial by the court, Evans was found not guilty of Count I and guilty of Counts II and III. The conviction under Count III (criminal mischief) was later vacated, and Evans was sentenced to a five-year term on the remaining burglary count.

Evans asserts there was insufficient evidence that he intended to commit felony criminal mischief when he entered the church. We agree.

As previously noted, Evans was originally charged with two counts of burglary, the first alleging he intended to commit theft and the second alleging he intended to commit felony criminal mischief. The court found him not guilty on the charge based on the underlying felony of theft and guilty of that based on criminal mischief. Evans correctly points out the State offered no proof as to the specific dollar amount of damage (a fact conceded by the State at trial) and further urges there was no evidence to show his intention to inflict $2500 damage on the church's property. He also points to evidence of his extreme intoxication on the night in question and argues the evidence proved he was incapable of forming a specific intent to commit a felony.

The State, in support of the conviction, argues there was proof Evans had a hostile attitude earlier in the evening as shown by testimony of his drinking companion, Brian Colen, who said he left Evans at about 7:30 P.M. on the night in question because Evans was "getting rowdy," and he was afraid he was going to end up in a fight with him. The State urges this general hostile intent supports an inference that Evans, in drunken hostility, had specific intent to damage and desecrate a church in excess of $2500.

■ In reviewing the sufficiency of the evidence, we will neither reweigh the evidence nor judge the credibility of the witnesses, but will consider the evidence most favorable to the State with all reasonable inferences therefrom. *McDowell v. State*, (1983) Ind., 456 N.E.2d 713; *Newton v. State*, (1983) Ind.App., 456 N.E.2d 736. We further note that in a burglary prosecution, the necessary intent to commit a felony may be inferred from the circumstances, including the time, force and manner of entry. *Turpin v. State*, (1982) Ind., 435 N.E.2d 1; *Vaughan v. State*, (1983) Ind. App., 446 N.E.2d 1; *Sluss v. State*, (1982) Ind.App., 436 N.E.2d 907.

■ In order to sustain a burglary conviction against Evans, the State had to prove he had the intent to commit a felony at the time he entered the building. *See Luckett v. State*, (1972) 259 Ind. 174, 284 N.E.2d 738. Thus, it was not enough to show he broke and entered and committed misdemeanor criminal mischief (which the evidence clearly showed). *See Hatfield v. State*, (1961) 241 Ind. 225, 171 N.E.2d 259; *Hartman v. State*, (1978) 176 Ind.App. 375, 376 N.E.2d 100. Instead, because IC 35–43–1–2 makes value an essential element of felony criminal mischief, accord *People v. Cisneros*, (1977) 193 Colo. 380, 566 P.2d 703, a showing of intent to cause damage of over $2500 was required. This is where we must conclude the State failed to meet its burden of proof beyond a reasonable doubt.

Viewing the evidence most favorable to the State, the record discloses nothing from which a trier of fact could infer that Evans' conduct logically pointed to the infliction of additional damage amounting to $2500. As noted previously in our recitation of the facts, evidence at the scene revealed only minor physical damage (several broken

panes of glass in the front door and in the side doors where Evans had apparently made vain attempts at entry, a few tipped metal folding chairs, a displaced table with a cross and candlesticks knocked to the floor, urine on a Sunday school table, blood on the floor and kitchen fixtures). Indeed, at the close of the evidence, the State agreed to lower the charge from a Class A misdemeanor to a Class B misdemeanor because there was no evidence showing the dollar amount of the damage was in excess of $2500.

We are aware of case law instructing that an intent to commit theft may be inferred from a defendant's unexplained presence and the time, force and manner of his entry. *Lisenko v. State*, (1976) 265 Ind. 488, 355 N.E.2d 841; *Vaughan v. State*, *supra*. Here, however, where felony criminal mischief is charged, we cannot accept the State's argument that the evidence of Evans' prior "rowdiness" can be used to support an inference he intended to "damage and desecrate a church in excess of $2500" when he entered the building. We further note the testimony of Chief Richard Powell which revealed Evans was highly intoxicated at the time of his arrest, and, although that state was apparently not an unusual one for him as Powell had taken him home drunk on several previous occasions, Powell stated Evans was more intoxicated that night than he had ever seen him.

In light of the undisputed evidence, then, of Evans' extreme intoxication and the partially-dressed state in which he was discovered, and considering Evans neither inflicted serious damage nor attempted to enter the sanctuary of the church, an inference that he entered the building with intent to do $2500 damage would be based on mere speculation and cannot sustain a conviction. See *Survance v. State*, (1983) Ind.App., 454 N.E.2d 430 *trans. pending*. Additional evidence (i.e., proof of motive, presence of axe or other tools capable of rendering great harm) might have supported an inference by the trier of fact that Evans intended to commit felony criminal mischief. However, evidence which establishes only a suspicion of guilt is insufficient. *Beard v. State*, (1983) Ind., 448 N.E.2d 1078.

Reversed.

YOUNG, J., concurs.

CONOVER, P.J., concurs in result with opinion.

CONOVER, Presiding Judge, concurring in result.

As the majority points out, we neither weigh the evidence nor judge the credibility of the witnesses on appeal. We give credence to the evidence and reasonable inferences arising therefrom which most fully supports the trial court's judgment. *McDowell, supra; Newton, supra*. Further, in burglary cases, the necessary intent to commit a felony may be inferred from the circumstances. *Turpin, supra; Vaughan, supra; Sluss, supra; Lisenko, supra*.

Voluntary intoxication is no defense to a criminal action, except in those rare instances where the defendant is so intoxicated he is incapable of forming the specific intent necessary to commit the crime charged. *Henson v. State*, (1982) Ind., 436 N.E.2d 79; *Raspberry v. State*, (1981) Ind., 417 N.E.2d 913; *Jones v. State*, (1984) Ind. App., 458 N.E.2d 274, IND.CODE 35–41–3–5(b).

Even though Evans was highly intoxicated when he broke into the church, I believe the evidence clearly supports the trial court's determination Evans was capable of forming the requisite intent to commit a felony at the time. The State points out Evans was capable of walking when he left the restaurant. He said he was going to the police station to get a ride home and walked toward it when he left the restaurant, albeit he was not walking in a straight line. He broke windows in three of the church's doors, gaining entry through the third. Thus, he had sufficient mental comprehension to choose and negotiate a route from his first attempted entry point to the one at which he was eventually successful at gaining entry. A reasonable

inference arises from this evidence, I believe, Evans had sufficient comprehension to form the requisite burglarious intent. Thus, there is substantial evidence in this record supporting the trial court's judgment Evans was capable of forming felonious intent at the time he broke and entered the church.

However, I concur with the majority the evidence was insufficient to prove Evans's intent to commit $2,500 or more damage to the church at the time it was entered. The majority correctly points out the deficiency in this regard:

1. The State did not prove the actual dollar amount of damage,

2. The evidence as it stands does not demonstrate damage of that magnitude, and

3. The State at trial admitted there was no proof of damage even to the extent of $250.

Thus, I concur in the result reached by the majority.