The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Raymond CHAVEZ, Defendant–Appellant.

No. 87CA1288.

Colorado Court of Appeals, Div. III.

Jan. 25, 1990.

Rehearing Denied Feb. 22, 1990.

Certiorari Denied May 21, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H.

Forman, Sol. Gen., and Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Susan Baker, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PLANK.

Defendant, Raymond Chavez, appeals from the judgment of conviction entered on jury verdicts finding him guilty of aggravated robbery, first degree burglary, conspiracy, felony menacing, and crime of violence. He contends that he was denied his right to trial by a jury of twelve persons when the trial court granted defense counsel's request for a six person jury. We affirm.

At the start of the trial, defense counsel, in the presence of his client, advised the court that, "Mr. Chavez and myself are going to request that we have a jury of six persons instead of a jury of twelve." Counsel made this request pursuant to § 18–1–406(4), C.R.S. (1986 Repl. Vol. 8B). The trial court granted the request without ascertaining whether defendant personally wished to waive the right to a twelve person jury.

■ Defendant contends that the right to a twelve person jury is a fundamental right that cannot be waived by defense counsel. He argues that the record must show the defendant's personal, express, voluntary, and intelligent waiver before a trial by a jury of fewer than twelve persons. We disagree.

■ The Sixth and Fourteenth Amendments guarantee the right to trial by jury, but do not guarantee the right to a twelve person jury. *Williams v. Florida,* 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970). Nor does the Colorado Constitution guarantee the right to a twelve person jury. That right is purely statutory. *People v. Burnette,* 775 P.2d 583 (Colo.1989). *See* § 18–1–406(1), C.R.S. (1986 Repl. Vol. 8B); Crim.P. 23(a)(1). A statutory right may be waived by counsel's statements. *See People v. Allen,* 744 P.2d 73 (Colo. 1987). *Cf.* Crim.P. 23(a)(5) (to waive a jury

trial a defendant must make a written or oral "announcement" of his intention). This requirement does not extend to a reduction in the number of jurors.

■ A stipulation by defense counsel to proceed with eleven jurors when the twelfth is excused during deliberations is sufficient to waive the defendant's right to a full jury. *People v. Waters,* 641 P.2d 292 (Colo.App.1981). Here, we conclude that counsel's request for a six person jury in the presence of defendant was sufficient to waive defendant's right to a full jury.

The judgment is affirmed.

STERNBERG and MARQUEZ, JJ., concur.