The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Christopher Lashawn JONES,
Defendant–Appellant.

No. 94CA0291.

Colorado Court of Appeals,
Div. II.

March 23, 1995.

Rehearing Denied May 25, 1995.

Certiorari Denied Dec. 11, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Katherine Brien, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge ROY.

Defendant, Christopher Lashawn Jones, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree murder. We reverse.

The evidence showed that defendant was selling crack cocaine on the night of May 4, 1993, using an apartment of friends or acquaintances. After the first drug transaction, the victim, a guest of the residents, ordered the defendant to leave and to stop dealing drugs from the apartment. After a subsequent transaction, an altercation commenced by the victim ensued, and the victim was shot five or six times, with fatal effect. Defendant fled the scene, and when he was later apprehended, he had a gunshot wound to his left hand.

I.

The defendant called an eyewitness to the altercation and attempted to elicit from the witness her impression or opinion as to the reason for the fight between the victim and the defendant. The record reflects the following exchange:

[Defense Counsel]: Did it seem to you, [witness], that [the victim] was trying to get—

[Prosecutor]: Objection.

The Court: I'll sustain the objection.

[Defense Counsel]: [Witness], who started this fight?

[Witness]: Pancho [victim].

[Defense Counsel]: And what did it appear to you of why [sic] the fight was started.

[Witness]: I have no idea.

[Defense Counsel]: Now, it's a far [sic] statement, is it not, [witness], that—

[Prosecutor]: Objection.

The Court: Sustained.

[Defense Counsel]: May we approach.

The following bench conference then occurred out of the hearing of the jury:

[Defense Counsel]: What I want to get into is the prior inconsistent statements. I think I need to draw her attention to those. I'll rephrase the question, but I thought I'd like to let the court know.

The Court: You will not get in her impressions; the one that you have stated throughout that she thought this was a robbery. That's her impression. That's not a fact. You will not get into that, whether by impeachment or in direct.

Defense counsel then abandoned the line of inquiry.

■ Defendant argues that if the witness had been allowed to answer the question, she would have given her "impression" that the victim was attempting to rob the defendant. Defendant contends this testimony was admissible as a lay opinion under CRE 701, and argues that exclusion of the testimony prevented him from presenting his theory of the case to the jury. We agree.

The defendant's theory was that he was entitled to use deadly force if the victim was committing or reasonably appeared about to commit robbery as defined in § 18–4–301 or § 18–4–302, C.R.S. (1986 Repl.Vol. 8B). Section 18–1–704, C.R.S. (1986 Repl.Vol. 8B).

CRE 701 states as follows:

If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

See *Graham v. Lombardi,* 784 P.2d 813 (Colo.App.1989), *aff'd,* 794 P.2d 610 (Colo. 1990).

■ The rational connection test of CRE 701(a) means that the opinion or inference is one which a reasonable person would form on the basis of the observed facts. *See People v. Hulsing,* 825 P.2d 1027 (Colo.App.1991);

*see generally* 3 J. Weinstein & M. Berger, *Weinstein's Evidence* § 701[02] (1994).

■ A lay witness may state an opinion about another person's motivation or intent only if the witness had sufficient opportunity to observe the person and to draw a rational conclusion about the person's state of mind; an opinion that is speculative or not based on personal knowledge is not admissible. *Compare People v. Gallegos,* 644 P.2d 920 (Colo. 1982) *with People v. Rowe,* 837 P.2d 260 (Colo.App.1992), *rev'd on other grounds,* 856 P.2d 486 (Colo.1993).

A division of this court has held that an attorney testifying as a lay witness could express his opinion that, during a prior proceeding at which the attorney was in close contact with the defendant, the client did not have the capacity to form the specific intent necessary to support a charge of jury tampering. Such an opinion would normally require expertise. *People v. Rubanowitz,* 673 P.2d 45 (Colo.App.1983); *see also United States v. Harris,* 558 F.2d 366 (7th Cir.1977).

In this instance, the witness had observed all, or virtually all, of the altercation and the events leading up to it. The witness indicated that the victim appeared to be acting in concert with a third party in the apartment, that the altercation was started by the victim, that the defendant's money was scattered about the kitchen and in the possession of the third party, and that the third party was reluctant to return defendant's wallet. The witness also observed the third party briefly possess the pistol prior to the altercation although he returned it to the defendant on demand. In addition, the witness observed the defendant extricate himself from under the victim after the shots had been fired, that the defendant was injured, and that the defendant was both scared and confused following the altercation.

■ We conclude that the fact that the witness observed most of the altercation, and most particularly the beginning, establishes an adequate foundation for her testimony summarizing or concluding as to what was happening. Summary characterizations and impressions as to what transpired, especially when the event is somewhat tumultuous, can be of significant assistance to a fact finder. *See People v. Rubanowitz, supra; United States v. Skeet,* 665 F.2d 983 (9th Cir.1982). The witness' opinion is not, in our view, speculative or conjectural, and if permitted to express that opinion in her testimony, she would be subject to cross-examination concerning its limitations and any contrary indications.

■ Furthermore, although an offer of proof is normally required to preserve error with respect to excluded evidence, the court here made it clear that it knew what testimony was being sought and indicated that it would not permit its admission in any form. Under these circumstances, an offer of proof was not necessary. CRE 103(a)(2); *Roberts v. C & M Ready Mix Concrete Co.,* 767 P.2d 769 (Colo.App.1988).

II.

■ The defendant further argues that the court erred in not instructing the jury on his theory of self-defense, that is, that he was entitled to use deadly force if the victim was committing or reasonably appeared to be committing robbery if he reasonably believes that a lesser degree of force will be inadequate. Section 18–1–704(2)(c), C.R.S. (1986 Repl.Vol. 8A).

On the present record, we disagree. Upon retrial, however, if the witness expresses an opinion that the victim was robbing the defendant, or such evidence comes from some other source, then the giving of an instruction based on § 18–1–704(2)(c) may be appropriate. There must, however, be evidence from which a jury may infer that the defendant had a reasonable belief that a lesser degree of force was inadequate, and that the defendant believed that the victim was committing, or was about to commit, robbery.

The judgment is reversed and the cause is remanded for a new trial.

CRISWELL and TURSI *, JJ., concur.