**Randolph L. QUINTANA,
Plaintiff–Appellant,**

**v.**

**The CITY OF WESTMINSTER and
Timothy Torres, Defendants–
Appellees.**

**No. 98CA2240.**

Colorado Court of Appeals,
Div. I.

Feb. 3, 2000.

Certiorari Denied Sept. 5, 2000.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3),

and § 24–51–1105, C.R.S.1999.

Fasing Law Firm, P.C. Gregory J. Fasing, Denver, Colorado, for Plaintiff Appellant.

Martin McCullough, City Attorney, Jeffrey M. Betz, Assistant City Attorney, Westminster, Colorado, for Defendant–Appellee City of Westminster.

Senter, Goldfarb & Rice, L.L.C., Thomas S. Rice, Peter H. Doherty, for Defendant Appellee Timothy Torres.

Opinion by Judge NEY.

Plaintiff, Randolph L. Quintana, appeals the trial court's judgment dismissing his complaint against defendants, City of Westminster and Timothy Torres, a City of Westminster police officer, for lack of subject matter jurisdiction based on sovereign immunity. Because the trial court failed to make complete findings, we remand with instructions.

The police officer attempted to stop a car because he suspected the occupants were involved in an armed robbery. The car sped away, and a police chase ensued. The officer pursued the suspects at a high rate of speed with his siren and overhead lights activated. The actual speeds of the vehicles were contested. The plaintiff was injured when the suspects' vehicle hit his.

The plaintiff filed this action against the City and the police officer involved in the chase. The City moved to dismiss for lack of subject matter jurisdiction, under C.R.C.P. 12(b)(1), pursuant to the Colorado Governmental Immunity Act, § 24–10–101, et seq., C.R.S.1999 (Act).

After an evidentiary hearing, the trial court granted the City's motion to dismiss, ruling that the officer's actions were legally justified, that probable cause existed, and that the plaintiff's claims were barred by the emergency vehicle exception of the Act. The plaintiff appeals from this dismissal.

## I.

Plaintiff argues that the trial court erred in determining that the City is immune. We agree with plaintiff's contention that the trial court did not make a necessary finding whether the officer, while speeding, endangered life or property. Therefore, we remand for further findings.

The Act provides immunity for public entities and their employees from liability for claims which lie in tort or could lie in tort. Section 24–10–106. This immunity is waived for actions based on the operation of motor vehicles. Section 24–10–106(a).

As pertinent here, an exception to the immunity waiver exists for drivers of authorized emergency vehicles when they are "in pursuit of an actual or suspected violator of the law." Section 42–4–108(2), C.R.S.1999. However, this emergency exception to the waiver of immunity is limited in that an emergency vehicle may:

Exceed the lawful speeds ... or exceed the maximum lawful speed limits ... *so long as* said driver does not endanger life or property.

Section 42–4–108(2)(c) (emphasis added). *See also City of Grand Junction v. Sisneros,* 957 P.2d 1026 (Colo.1998).

Whether immunity has been waived under the Act is an issue of subject matter jurisdiction. The burden of proving jurisdiction is on the plaintiff, and the trial court's findings of fact supporting a determination under the Act will not be reversed unless clearly erroneous. *Trinity Broadcasting of Denver, Inc. v. City of Westminster,* 848 P.2d 916 (Colo.1993) (the trial court is the factfinder regarding jurisdictional determinations under the Act, and appellate review is highly deferential).

Any factual dispute upon which the existence of jurisdiction may turn is for the trial court to resolve, and the issue is one of law only if the underlying facts are undisputed. *Swieckowski v. City of Ft. Collins,* 934 P.2d 1380 (Colo.1997).

In this case, the trial court found that the officer initially had reasonable grounds to stop the suspects' vehicle. Additionally, the court concluded that probable cause was established after the vehicle sped away, and that the officer had the right to use reasonable efforts to apprehend the suspects.

The court also found that the officer exceeded posted speed limits during the chase. However, the court did not specifically find, as required by the limitation set forth

in § 42–4–108(2)(c), whether the officer endangered life or property while exceeding the lawful speed limit.

■ Plaintiff argues that the applicable standard is whether the driver operated with "reckless disregard of others," citing *Zapp v. Kukuris*, 847 P.2d 150 (Colo.App.1992). However, we agree with the City's contention that this standard, found at § 42–4–108(4), C.R.S.1999, is not applicable. In *Fogg v. Macaluso*, 892 P.2d 271 (Colo.1995), the supreme court held that to fall within the exception to an immunity waiver, emergency vehicle drivers need only comply with § 42–4–108(2) and (3), C.R.S.1999. The duty set forth in § 42–4–108(4), to drive with due regard for the safety of all persons, is inapplicable in this context. *Fogg v. Macaluso*, *supra*, 892 P.2d at 277 (§ 24–10–106(1)(a) of the Act "does not require emergency vehicle operators to comply with section 42–4–106(4) in order to qualify for sovereign immunity").

Contrary to defendant's contention, we do not read the statute so as to limit the court's analysis to how the officer drove his vehicle, in isolation. Instead, we conclude that the officer's driving must be evaluated in the context of all relevant circumstances.

Therefore, because the trial court did not make any finding resolving whether the officer's actions endangered life or property, we conclude that the cause must be remanded for an additional finding on this issue and, if necessary, for additional evidentiary proceedings. *Springer v. City and County of Denver*, 990 P.2d 1092 (Colo.App.1999).

## II.

Plaintiff also contends the trial court erred in excluding certain testimony from two eyewitnesses and from plaintiff's expert. He argues that one of the eyewitnesses should have been permitted to testify that he observed the officer traveling approximately 70 miles per hour during the chase, and that a different eyewitness should have been permitted to give her opinion whether the officer's actions were reckless. Plaintiff also argues his expert witness should have been able to give his opinion on whether the officer's actions were reckless.

■ The standard of review of a trial court's ruling on admissibility or exclusion of evidence is abuse of discretion. *Bonser v. Shainholtz*, 983 P.2d 162 (Colo.App.1999). "A trial court has broad latitude in determining whether a lay witness is qualified to testify as to any conclusions based on common knowledge or experience." *Hock v. New York Life Insurance Co.*, 876 P.2d 1242, 1253 (Colo.1994).

■ With regard to the eyewitness' testimony that the police car was traveling at about 70 m.p.h., the trial court properly excluded the testimony for lack of proper foundation. Under CRE 701, a lay witness' testimony in the form of an opinion must be "rationally based on the perception of the witness." CRE 701(b). Here, the witness said that he could testify that the cars were going fast, but that any specific speed would only be a guess. Consequently, we conclude the trial court did not abuse its discretion in excluding the witness' specific speed testimony for lack of proper foundation. *See People v. Jones*, 907 P.2d 667 (Colo.App.1995).

The record indicates that the eyewitness who was not initially allowed to opine whether the officer was "reckless," in fact, ultimately testified concerning that issue. The witness testified, without objection, that she did not think that the officer "was driving safely with due regard for the safety of persons and property." As a result, the witness expressed her opinion concerning the officer's degree of care and, we conclude, plaintiff's argument regarding this eyewitness must fail.

■ Finally, the trial court sustained an objection to testimony by plaintiff's expert, that the officer's actions were "reckless in nature and disregarded the safety of [other] individuals," because the testimony was an ultimate legal conclusion under C.R.E. 704.

■ Although opinion testimony is not objectionable merely because it embraces an ultimate issue of fact, C.R.E. 704, an expert may not usurp the function of the court by expressing an opinion of the applicable law or legal standards. *People v. Lesslie*, 939 P.2d 443 (Colo.App.1996).

Here, as noted, the trial court erred by not making a finding as to whether the officer endangered life or property pursuant to § 42–2–208(2)(c). Therefore, the expert's

opinion that the officer was reckless was not relevant to the issue to be decided to determine jurisdiction.

Thus, on remand, the trial court may consider the expert's testimony as it relates to the officer's endangerment of life or property.

The cause is remanded for additional findings consistent with this opinion. In making its determination, the court, in its discretion, may rely upon the record or it may take additional evidence.

If the court determines, after considering all relevant circumstances, that the officer did not endanger life or property, the cause must be dismissed for lack of subject matter jurisdiction subject to the right of appeal on that determination. If the court finds that the officer's conduct, under all circumstances, did endanger life or property the matter should proceed to trial on the merits subject to the right of appeal on that holding.

The judgment is vacated and the cause is remanded for further proceedings.

Judge METZGER and Judge RULAND concur.